JAMES H. ANDREWS, Apppellant, v. CHARLES T. MANN et al.,
Appellee.

PARTNERSHIP : LIEN OF CO-PARTNER.—If a co-partner, upon the dissolution of the
firm, sell his entire interest in the partnership, to a third person, who agrees to
indemnify him against the partnership debts, he thereby parts with his whole
interest in the assets; and he loses his lien on them for the payment of the
partnership debts, although his vendee has failed to comply with his agreement
to pay them.

APPEAL from the Middle District Chancery Court.    Hon. S.
S. Wright, vice chancellor.

The complainant was a partner in the firm of Andrews & Mann,
in Yazoo city.    He sold his interest in the firm to one Heth, the
latter verbally agreeing to pay complainant's share of the part-
nership debts.    Heth & Mann carried on the business as co-part-
ners for some time, when Heth sold out his interest to Mann, who
afterwards assigned the assets to James R. Barnett and others, in
payment of his separate and private debts to them.    Heth failed
to pay the partnership debts of Mann & Andrews, and thereupon
Andrews filed his bill against Mann, Heth, and the assignees, to.
enforce his lien on them for the payment of the debts of Andrews
& Mann.

The defendants demurred to the bill.    The vice-chancellor sus-
tained the demurrer, and Andrews appealed.

*George B. Wilkinson,* for appellant.

The partnership creditors have a claim on the assets of the firm
superior to the private creditors of one of the co-partners.    The
partnership debts must be first paid before any distribution of the
assets among the partners.    On dissolution of the partnership, each
has a lien upon the effects, as well for the payment of the debts,
as for his proportion of the surplus ; and this equity operates
for the benefit of the joint creditors.    *Wilder* v. *Keeler,* 3
Paige, 167 ; *Payne* v. *Matthews,* 6 Ib. 19 ; *Bowden* v. *Schatzell,*
1 Baily, Eq. R. 360; *Murrell* v. *Neill,* 8 How. S. C. R. 414 ;
*Ex parte Williams,* 11 Vesey, 5 ; 4 Kent, Com. (7th ed.) 78, 79,

and authorities there cited. *West* v. *Skipp,* 1 Ves. Sr. 456 ; 3 Dessaussure, S. C. R. 203 ; *Kirby* v. *Schoonmaker,* 3 Barb. Ch. R. 46.

*Gibbs* and *Bowman,* for appellee,

Filed an elaborate brief, and cited and commented on the following authorities. *Ex parte Ruffin,* 6 Ves. 128 ; *Ex parte Fell,* 10 Ib. 347 ; *Ex parte Williams,* 11 Ib. 4 ; Gow on Partn. 291, 297 ; Story on Partn. §§ 358, 359 ; 13 Ala. R. 337 ; *Smith* v. *Edwards,* 7 Humph. ; 4 Gilman, (Ill.) Rep. 25 ; 1 Maddox, 197, 315 ; 1 Atk. 136 ; Collyer on Partn. 20, 52.

FISHER, J., delivered the opinion of the court.

This is an appeal from a decree of the Chancellor of the Middle District of this State, sustaining a demurrer to the complainant's bill.

The complainant, and the defendant Charles T. Mann, were co-partners in a drug store, at Yazoo city. The complainant sold his interest in the concern to one Heth, who agreed to pay the complainant's portion of the co-partnership debts. Heth sold his interest thus acquired to Mann, who has applied the assets of the firm of Andrews & Mann to the payment of his individual debts. The object of the bill is to recover such assets, or at least so much as will suffice for the payment of the co-partnership debt.

It may be true, as contended, that Mann, if there had been no sale by the complainant, would have no right to apply the assets of the firm to his individual debts ; and that the complainant could, in such case, maintain his bill. But that is not the question in this case. The complainant made an absolute sale to Heth, without retaining a lien upon the assets or articles sold, as a means of compelling Heth to comply with his contract. The complainant, in other words, trusted Heth, without taking from him any security whatever, for the performance of his engagement. By the sale, the old co-partnership was dissolved, and Heth undertook to pay the debts properly chargeable against the retiring partner. He, it seems, has failed to comply with this undertaking. The complainant not having retained a lien upon the articles, or

rather his interest in the articles sold, could not restrain Heth from selling them to Mann, or in dealing with them as he might think proper. Mann purchased such interest as Heth had the right to sell; and there being no restriction upon this right, the mere act of sale could not create a restriction, or enlarge the complainant's rights. Heth may be liable to the complainant for a breach of his contract; and Mann himself, may be liable upon the settlement of the co-partnership account. But as already remarked, this is not the question. Has Mann acquired the title of all the co-partners to the co-partnership property? If so, it is his, and he can dispose of it as he may think proper; and being the absolute owner, the purchaser from him acquires a complete title.

Decree affirmed.