JOHN VOSPER

*v.*

JOHN KRAMER and others.

A partner, for a valuable consideration, sold to his copartner all the effects of the firm, the latter also assuming its liabilities and agreeing to indemnify the former against them. The copartner afterwards made an assignment for the benefit of his creditors, under which the assignee sold some of the firm assets, as alleged, fraudulently. Subsequently a judgment for a partnership debt was recovered against both partners.—*Held,*

(1) That the partner, by his sale, had lost all equitable lien on the partnership assets, or right to follow the proceeds of sale arising therefrom, to apply them in satisfaction of the judgment.

(2) That he was not in a position to question the *bona fides* of the assignment.

Bill for relief. On general demurrer.

*Mr. George Berdine,* for the demurrants.

*Mr. S. D. Grimstead,* for complainant.

THE CHANCELLOR.

The case made by the bill is that the complainant and John Kramer were partners in trade in the city of New Brunswick; that on the dissolution of the copartnership, October 1st, 1877, the former sold his interest in the partnership assets to the latter, in consideration of $150 and the assumption by the latter of the payment of the partnership debts and his agreement to indemnify the complainant against them; that Kramer took the interest on those terms; that the partnership property was sufficient to pay all the partnership debts; that on or about October 18th, 1878, Kramer made an assignment to the defendant Berdine, for the benefit of his creditors; that Berdine sold some of the partnership assets, under the assignment, to

Henry Kramer, brother of John, who had full notice of the terms on which John Kramer obtained the complainant's interest therein; that the assignee realized from the sale a considerable sum of money, which he holds; that both the assignment and sale were fraudulent, and designed to defraud the complainant, and that a partnership debt specified in the bill being unpaid, and the complainant and John Kramer having been sued thereon, judgment has been recovered thereon against them, and the complainant is liable to be compelled to pay it.

The question is, whether the complainant can, for the payment of that debt, follow the goods in the hands of the purchaser, or the proceeds of the sale thereof in the hands of the assignee. The complainant claims that, under the circumstances, he is entitled to a lien in equity upon the property or proceeds of sale thereof, for the payment of the debt.

The claim is based merely on the ground that in equity a partner has a lien on the partnership assets for the payment of the partnership debts, and the partnership property cannot be applied to the payment of the individual creditors of the partners until after the partnership debts are paid.

This lien may be lost by the unqualified sale and transfer by the partner of his interest in the property to his copartner, whereby the property before held by them jointly becomes the several property of the latter. *Story on Partn.* § *358 ; Gow on Partn. 238.* In this case, the complainant, in good faith, sold his interest in the assets to his copartner, for the consideration of $150 and the assumption by the latter of the partnership debts and his agreement to indemnify the complainant against them. He reserved no lien. He is entitled to no relief against the property or the proceeds of the sale of it. *Langmead's Trusts, 7 DeG. M. & G. 353 ; Andrews v. Mann, 31 Miss. 322.* It is urged that the bill not only states that Henry Kramer, the purchaser, had notice that the agreement to pay the partner-

ship debts formed part of the consideration of the transfer by the complainant, but it states, also, that the assignment to Berdine, and the purchase by Henry Kramer under it, were made fraudulently, and with the intent and purpose to delay, hinder and defraud the complainant; and that the deed of assignment and sale were voluntary and without consideration, and were contrived and carried out by John and Henry Kramer, acting fraudulently and in collusion, and in pursuance of an unlawful and fraudulent undertaking and agreement between them as a pretence and to defraud the complainant. But the complainant has no standing to enable him to question the *bona fides* of the assignment and sale under it. The demurrer will be allowed.