No. 8924.

## HECKELMAN ET AL. *v.* RUPP.

SUPREME COURT.—*Brief of Appellant.*—*Rule 14.*—*Dismissal of Appeal.*—Rule 14 of the rules of the Supreme Court gives the appellant sixty days after the submission of the cause in which to file his brief, and provides that, if such brief is not filed within the time limited, the appeal shall be dismissed; but the rule is complied with by a brief stating clearly points relied upon, and this will not preclude appellant from afterwards filing a more elaborate brief.

Heckelman *et al. v.* Rupp.

FRAUDULENT CONVEYANCE.—*Real or Personal Property.—Complaint.—Exhibits.*—In a suit by a creditor to set aside the conveyance of real estate, or the written transfer of personal property, as fraudulent against the grantor's creditors, neither the conveyance nor the bill of sale is the foundation of the creditor's cause of action; and, therefore, it is not necessary to the sufficiency of the complaint, upon a demurrer thereto for the want of facts, that a copy of the conveyance or bill of sale should be made an exhibit or filed with the complaint.

PRACTICE.— *Verdict.— Venire de Novo.*—A *venire de novo* will not be granted, where the verdict of the jury finds the substance of the issues, and is free from uncertainty or ambiguity, and is not so defective as to prevent the rendition of judgment thereon.

SAME.—*Cause for New Trial.—Bill of Exceptions.—Supreme Court.*—The statements in a motion for a new trial, as causes therefor, are not regarded as true by the Supreme Court, unless their truth is shown by a bill of exceptions properly in the record.

SAME.—*Instruction of Court.—Assumption of Facts.*—An instruction of the court to the jury, which assumes the truth of facts in issue between the parties, is erroneous.

From the Harrison Circuit Court.

*B. P. Douglass* and *S. M. Stockslager*, for appellants.

*W. T. Zenor, N. R. Peckinpaugh* and *S. J. Wright*, for appellee.

HOWK, J.—The appellee sued the appellants, in a complaint of two paragraphs. The object of the suit was to obtain a judgment, declaring certain conveyances of real and personal estate, executed by the appellants George P. and Jannetta Heckelman, fraudulent and void as against their creditors, and subjecting the property therein described to sale for the payment of their debts to the appellee. The grantees in said conveyances, Jacob P. and William Heckelman, were made defendants to the action. The cause was put at issue and tried by a jury, and a general verdict was returned, in substance, as follows: "We, the jury, find for the plaintiff, that the conveyances of real estate and transfer of personal property by the defendants George P. Heckelman and Jannetta Heckelman, to their co-defendants, Jacob Paul and William Heckelman, mentioned in plaintiff's complaint, were fraudulent as against plaintiff, and ought to be set aside and annulled,

and that the property, so conveyed and transferred, be subjected to the payment of the plaintiff's claims, in the conplaint mentioned.

         (Signed)   " WILLIAM K. BRUNER, Foreman."

Over the appellants' motions for a *venire de novo,* for a new trial and in arrest of judgment, and their exceptions saved, the court rendered judgment for the appellee, on the general verdict.

The following decisions of the circuit court are assigned as errors by the appellants:

1. In overruling their separate and several demurrers to the first and second paragraphs of appellee's complaint;

2. In overruling their motion for a *venire de novo;*

3. In overruling their motion for a new trial; and,

4. In overruling their motion in arrest of judgment.

Appellee has moved this court in writing to dismiss the appeal in this case, for the reason that the appellants have failed to comply with that provision of Rule 14 of the rules of this court, which required them to file a brief within sixty days after the submission of the cause. The records of this court and the files in this case show, that the appeal was taken by filing a certified transcript of the record below, in the office of the clerk of this court, on the 12th day of August, 1880. On the same day the appellants filed their brief in the case; and thereafter, on the 24th day of November, 1880, the cause was submitted by agreement. It is claimed by appellee's counsel, that the brief so filed by appellants, before the submission of the case, was merely "a brief to procure a writ of *supersedeas,*" and, therefore, should "not be considered a compliance with the rule or justify them in their laches." It seems to us, however, that the brief so filed by appellants was a sufficient compliance with the requirements of Rule 14 to prevent the dismissal of the appeal, either by the clerk under the rule, or by the court on appellee's motion. It was not a very elaborate brief, it is true, but in it the appellants stated the points, upon which they relied for the reversal of the judg-

ment, so clearly and distinctly that it would have been the duty of this court to consider and decide them, even if they had filed no additional brief. They did, however, file such additional brief on the 6th day of October, 1881, and some time before the court was ready to consider and pass upon the case in its order. In *Murray* v. *Williamson*, 79 Ind. 287, upon the point now under consideration, it was said: "The rule is easily complied with. A brief filed in compliance with it does not prevent the appellant from afterwards filing a more extended or elaborate one, if he wishes to do so."

The appellee's motion to dismiss the appeal in this case is overruled.

In the first paragraph of his complaint the appellee alleged in substance, that the appellants George P. and Jannetta Heckelman, on the — day of ——, 1879, and long prior thereto, were and had been largely indebted to appellee, by their promissory notes, in about the sum of $600, and the interest accrued thereon; that afterwards, on October 1st, 1879, in the court below, the appellee obtained two judgments against the said George P. and Jannetta Heckelman jointly, one for the sum of $173.75 and the other for $294.20, and another judgment against the said George P. Heckelman alone for the sum of $243.50; that afterwards, on October 30th, 1879, the appellee sued out executions on his said several judgments, directed and delivered to the sheriff of Harrison county; and that afterwards, on November 21st, 1879, the sheriff of said county made his return of the several executions, to the effect that, after demand of payment thereof or property thereon, and the refusal of either, he made diligent search for property of the judgment defendants, and each of them, and, finding no property on which to levy the several executions, within his bailiwick, he returned the same accordingly, *nulla bona;* and that each of the judgments remained in full force, and had not been paid or satisfied, nor any part thereof.

The appellee further averred that at the time of the execu-

tion of the several promissory notes, on which he obtained the several judgments aforesaid, and for a long time thereafter, the appellant George P. Heckelman was the owner of a large amount of real estate in Harrison county, Indiana, to wit: Lot No. 18, in the town of New Middletown, of the probable value of $500; also four acres of land, particularly described, and another parcel of real estate, described by metes and bounds, with the appurtenances, including the saw-mill and machinery situate thereon, of the probable value of $700; that appellant George P. Heckelman was also the owner of a large amount of personal property, to wit: four head of mules, one log-wagon, one spring-wagon, one two-horse wagon, and four sets of harness; that the appellants George P. and Jannetta Heckelman, fraudulently intending to wrong, cheat and delay the appellee in the collection of his said debts against them, as well as their other creditors, did, on the 19th day of September, 1879, fraudulently dispose of and convey the whole of said real estate and transfer said personal property to their sons and co-appellants, Jacob P. and William Heckelman, without any consideration therefor, who took and received said conveyance of real estate and transfer of personal property, with full knowledge of the fraudulent intent and purpose of said grantors to cheat and defraud the appellee, not leaving enough property to satisfy the appellee's debt, or any part thereof; and that, ever since said conveyance, he had remained wholly insolvent; that the first described real estate was conveyed by the separate deed of George P. and Jannetta Heckelman to their co-appellant William Heckelman, and the second described tracts of real estate, together with said personal property, were sold and conveyed to their co-appellant Jacob P. Heckelman; that all of said property was sold and disposed of while the appellants George P. and Jannetta Heckelman owed and were indebted to the appellee as aforesaid, and while suits were pending against them for his said debts. Wherefore, etc.

The second paragraph of the complaint states substantially

the same facts as are stated in the first paragraph, except in this, that it is not alleged in the second paragraph, as in the first, that the conveyances of real estate and transfer of personal property by George P. and Jannetta Heckelman to their sons and co-appellants, William and Jacob P. Heckelman, were made and executed without any consideration whatever therefor.

The only objection urged by the appellants' counsel to either paragraph of the complaint is this, that the appellee did not file with, nor make part of, either paragraph the conveyances of real estate and transfer of personal property therein mentioned, or copies thereof. We do not think it was necessary that the conveyances of the real estate, or the transfer of the personal property, if such transfer was in writing, should be made parts of either paragraph of the complaint, in any manner, or filed therewith. The conveyances and transfer were not the foundation of appellee's cause of action, as stated in either paragraph of his complaint, in any such sense as would require that those instruments, or copies thereof should be filed with or in any manner made parts of the complaint. The gravamen of appellee's complaint, as set forth in each paragraph thereof, was not the conveyances of the real estate or the transfer of the personal property therein mentioned, but it was the alleged fraud of the appellants in and about the execution of those instruments. This alleged fraud, and not the conveyances or transfer, was the foundation of appellee's suit; and the code only requires that the original instrument, or a copy thereof, should be filed with the pleading, when the pleading is founded on such instrument. Code of 1852, sec. 78; sec. 362, R. S. 1881; *Bray* v. *Hussey*, 24 Ind. 228; *Heitman* v. *Schnck*, 40 Ind. 93. The demurrer to each paragraph of the complaint was correctly overruled.

Appellants' counsel earnestly insist, that the trial court erred in overruling the motion for a *venire de novo*. This motion was in writing, and two causes were assigned therefor; namely: 1. That the verdict is uncertain and ambiguous; and

2. That the verdict finds less than the whole matter put in issue. We have heretofore given, in this opinion, an exact copy of the verdict, and it will be seen therefrom, we think, that the verdict contains no general finding in favor of the appellee; but the verdict finds, that the conveyances of real estate and transfer of personal property, mentioned in appellee's complaint, were fraudulent as against appellee, and ought to be set aside and annulled, and the property, so conveyed and transferred, be subjected to the payment of appellee's claims, in his complaint mentioned. This was substantially the relief prayed for by appellee in each paragraph of his complaint. While the facts alleged were not found in detail by the jury, yet the verdict finds the substance of the issues, namely, the fraud of the appellants in and about the conveyances and transfer of the real and personal property, in the appellee's favor. There is no uncertainty or ambiguity in the verdict; and, upon the facts found by the jury in appellee's favor, it seems to us that he is entitled to judgment in accordance with the prayer of his complaint. To authorize the issue of a *venire de novo,* the verdict must be so defective that judgment can not be rendered upon it. *Henderson* v. *Dickey,* 76 Ind. 264, and authorities cited. For the reasons given, the court did not err, we think, in overruling the motion for a *venire de novo.*

In their motion for a new trial, the appellants assigned, as causes therefor, certain alleged errors of law occurring at the trial, and excepted to, in refusing to allow certain witnesses to answer certain questions propounded to them. These causes for a new trial were not shown to be true by any bill of exceptions appearing in the record. In this court, the statements in a motion for a new trial are not regarded as true unless their truth is shown by a bill of exceptions properly in the record. *Wiler* v. *Manley,* 51 Ind. 169; *Graeter* v. *Williams,* 55 Ind. 461; *Hyatt* v. *Clements,* 65 Ind. 12. The action of the court, complained of as erroneous, is not shown by the record, and presents no question for our decision.

Heckelman *et al. v.* Rupp.

The instructions of the court to the jury were made part of the record by an order of the court. The appellants' counsel complain in argument of the following instruction, given at the appellee's request:

"5. The fact that a suit is pending, at the time of a conveyance by the grantor of his property, against him, of which his grantees have knowledge, for a debt which said grantor owes, and the further circumstance that no change was made in the possession of the property, after the deeds were made, are badges of fraud that it is proper for you to consider, in connection with all the other proof, in determining the question of the fraudulent intent of the parties, and as affecting the good faith of the transaction."

This instruction was erroneous. It assumes the truth of alleged facts and circumstances which were denied by the appellants and in issue between the parties; and it told the jury that these assumed facts and circumstances were badges of fraud, to be considered by them as such in determining the question of the fraudulent intent of the appellants, and as affecting the good faith of the transaction. The facts and circumstances of the case are to be found by the jury from the evidence, and are not to be assumed as true in the instructions, even though the court may believe them to be true. Besides, the instruction did not state the law correctly, in any view of the case.

Other instructions are complained of, on the same ground, and seem to us to be as objectionable as the one quoted, and for the same reason.

For error in the instructions of the court, a new trial ought to have been granted.

The judgment is reversed, at appellee's costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.