No. 6909.

## TRENTMAN ET AL. *v.* SWARTZELL ET AL.

85 443
131 106
85 443
135 611
136 647
85 443
147 319
85 443
151 428
151 429
151 430
152 457

PARTNERSHIP.—*Judgment.— Verdict.—Attachment.* — Complaint against S. and V., partners, upon an account, and to subject to the satisfaction thereof certain goods alleged to have been fraudulently transferred by S. to W. S., also a defendant. There was also an attachment by virtue of which the goods were seized and sold. V. filed a cross complaint averring the same facts alleged in the complaint. Other creditors became parties under the attachment; and, issue being taken upon the complaint and cross complaint, the jury found certain sums due from the partners to the respective plaintiffs, creditors, and for them on the question of fraud against S., and against them as to W. S., and on the cross complaint, they found for V. the plaintiff therein.

*Held,* that the creditors were not entitled to an order for the distribution of the proceeds of the goods; that W. S. was entitled to an order giving the proceeds to him, upon giving bond, etc., and the creditors were entitled to personal judgments against S. and V.

SAME.—*Lien of Creditors.*—When a partner sells his interest in partnership goods to a co-partner, the latter may apply the goods to his individual debts, and there is no lien of partnership creditors to interfere.

PRACTICE.—*New Trial.—Presumption.*—Where a motion for a new trial is not made at the term at which the cause is tried, but at the next term such motion is filed on leave, without objection, consent thereto will be presumed, and the motion will be in the record.

SAME.—*Bill of Exceptions.*—The court, having granted time for a bill of exceptions, can not, over objections, afterwards extend it.

From the Marshall Circuit Court.

*C. H. Reeve,* for appellants.

*A. C. Capron* and *M. A. O. Packard,* for appellees.

MORRIS, C.—Thomas E. Miller, Albert W. Green and John Joyce, partners, sued the appellees in the Starke Circuit Court, upon an account, alleging in their complaint that the appellees, Adam G. W. Swartzell and George W. Voreis, as partners, were indebted to them for goods sold and delivered, in the sum of $1,090.50; that, after they became so indebted, Voreis sold to Swartzell his interest in the partnership property, being a stock of dry goods, etc., in consideration that he, Swartzell, would pay off and discharge all the debts of

the firm; that soon thereafter the said Adam G. W. Swartzell, with the fraudulent intent to cheat and defraud the creditors of said firm, made a fraudulent and pretended sale of said goods to his father and co-appellee, William Swartzell, ostensibly in payment of a pretended debt of one thousand one hundred and some dollars, which he falsely pretended to owe his father, and for some three hundred dollars, for which he took his father's notes. It was averred that Adam G. W. Swartzell, aside from the goods so pretendedly sold, was insolvent and unable to pay his debts, which amounted to between $2,000 and $3,000; that William Swartzell, at the time he pretended to purchase the goods, knew that his son was insolvent, and that he had agreed with his partner, Voreis, to pay the debts of said firm; that he also knew the fraudulent purposes of his son, and made the pretended purchase with the view of aiding him in his fraud. The prayer was for judgment, etc. An affidavit and bond for an attachment were filed with the complaint. The goods were attached as the property of Adam G. W. Swartzell, and afterwards sold by the sheriff, and the proceeds brought into court.

The other appellants commenced suits under the proceedings of Miller, Green and Joyce, filing complaints, affidavits and bonds.

The Swartzells answered the several complaints, upon which issues were formed. Voreis answered, admitting the claims of the several appellants, and that they were severally entitled to judgment. Adam G. W. Swartzell also admitted the several demands of the appellants, but denied that the sale made by him of the goods was fraudulent.

The venue was changed to the Porter Circuit Court, and subsequently to the Marshall Circuit Court.

Voreis filed a cross complaint, in which he alleged his partnership with Adam G. W. Swartzell, the extent of their stock of goods and its value, the indebtedness of the firm, the sale of his interest in the firm assets to said Swartzell, and his agreement to pay all the partnership debts. The insolvency

of Adam G. W. Swartzell is alleged, and it is charged that
the sale made by him to his father, who knew the terms of
the dissolution of the co-partnership and the indebtedness and
insolvency of Adam, is alleged to have been fraudulent, and
made for the purpose of defrauding him and the creditors of
said firm.   It is also stated that the goods had been taken in
attachment.

The prayer of the cross complaint is that the goods may be
declared to be trust property and subject, in the hands of
William Swartzell, to a trust in favor of the creditors of
Swartzell and Voreis.   Issue was taken upon the cross com-
plaint.   The cause was submitted to a jury, who returned the
following verdict:

" We, the jury, find for the plaintiff on the complaint, and
there is due from the defendants Swartzell and Voreis, sev-
erally, as follows:

| | |
|---|---:|
| Miller, Green and Joyce, | $1,159.20 |
| English, Miller & Co., | 507.55 |
| B. Trentman & Son, | 553.39 |
| Jacob Neidlinger & Co., | 506.58 |
| J. H. McCauley & Co., | 28.90 |

And we assess the damages of the several plaintiffs at the said
several sums so due each respectively, and we find for the
plaintiff on the question of fraud, against the defendants Adam
G. W. Swartzell and George Voreis, and for William Swart-
zell on the question of fraud, and, on the cross complaint of
Voreis, we find for Voreis.   G. W. MAXLEY, Foreman."

The plaintiffs below moved the court for judgment, on the
finding of the jury, against all the defendants, as prayed for
in the complaint, and against William and George Swartzell
as prayed for in the cross bill of George W. Voreis, and for
an order distributing among the plaintiffs the proceeds of the
attached property.

On the 26th day of September, 1875, George W. Voreis
filed a motion for judgment in his favor, and for distribution
of the proceeds of the attached property among the plain-

tiffs, as creditors of the firm of Swartzell and Voreis, *pro rata,* in accordance with prayer of his cross complaint.

The court overruled these motions so far as they prayed for an order of distribution, and as to the rendition of judgment the court took the motions under advisement until the next term.   At the next term, as the record states, time was given to file a motion for a new trial.   On the second day of the term, the plaintiffs below and George W. Voreis filed a motion for a new trial.   On the twentieth day of said term the court overruled the said motions for a new trial.   The plaintiffs below, Trentman & Co. and Neidlinger & Co., and the defendant Voreis, prayed an appeal to this court.

William Swartzell moved the court to order the proceeds of the sale of said goods to be paid to him.   The appellants also asked that the proceeds of the sale of the goods be retained in court and the proceedings stayed, etc.   This motion was overruled.   The court ordered the proceeds to be paid to William Swartzell, upon his giving bond, etc.   Judgments were rendered in favor of the several plaintiffs for the sums found due them respectively, against Adam G. W. Swartzell and George W. Voreis, and against them and in favor of William Swartzell for costs.   Ninety days were given to file a bill of exceptions.   The bill of exceptions was not filed within the time, but the time was extended, by agreement of parties, for several terms.   At the expiration of the extension of time last agreed upon, the court, over the objection of the appellees, gave further time to file the bill of exceptions. The bill of exceptions, which does not contain the evidence, was finally signed by Judge Keith, who had recently come upon the bench, and filed within the time allowed by him, over the objections of the appellees.

The ninth error assigned is that the court erred in overruling the motions for a new trial.   The preceding assignments, except the eighth, which relate to the giving and refusing to give certain instructions, are not proper, but are included in the ninth.   *Harding* v. *Whitney,* 40 Ind. 379.

The tenth assignment is that the court erred in directing the payment of the proceeds of the attached property to William Swartzell upon his giving bond.

11. In rendering judgment in favor of William Swartzell and against the plaintiffs and against Voreis.

12. In failing to submit to the jury questions, under the complaint and answers, against garnishee defendants.

The eighth assignment questions the action of the court upon the appellants' motion for judgment and distribution of the proceeds of the sale of the attached property.

The court did not err in overruling the motion of the plaintiffs' below for judgment against all the defendants below. The jury found in favor of William Swartzell that he was guilty of no fraud. Upon such a finding the plaintiffs below, appellants here, were not entitled to judgment against him, and, for the same reason, he was entitled to judgment against them, and also, as against them, to the proceeds of the attached property. Nor, if we treat the motion as separately made by the appellant Voreis, did the court err in overruling it. By the sale of Voreis' interest in the partnership effects to Adam G. W. Swartzell, they became his individual property, and he could sell and dispose of them as he pleased and apply the proceeds to the payment of his individual debts, the same as if they had never been partnership property. The lien which Voreis had upon the firm property as partner ceased as soon as he sold his interest to Swartzell. Partnership creditors have no lien upon partnership property. Their right to priority of payment out of the firm assets over the individual creditors of the partners is always worked out through the liens of the partners. Voreis having sold his interest to Swartzell, and thereby parted with his lien on the partnership assets, the partnership creditors could not afterwards assert a lien upon the goods of the late firm. *In ReLangmead's Trusts,* 7 D. M. & G. 353; *Andrews* v. *Mann,* 31 Miss. 322; Lindley Part. (Eng. ed., 1860) 578–580. It follows that William Swartzell had a right to pur-

chase, in good faith, from Adam G. W. Swartzell, the attached goods. The jury having found in favor of William Swartzell on the question of fraud, there was no error in overruling the motion of Voreis for judgment against him. It is true, that there is some seeming conflict in the findings of the jury, but there was no motion for a *venire de novo* or objection to the verdict on this account. Nor was there any error in rendering judgment in favor of William Swartzell, and ordering the proceeds of the attached property to be paid to him, especially upon the condition that he give bond for their repayment into court in case the judgment below should be reversed.

This disposes of all the errors assigned except the ninth.

The appellee contends that there is no motion for a new trial properly in the record.

No such motion was made at the term at which the verdict was returned; but on the first day of the next term the time for filing such motion was extended by the court, and on the second day of the term the motion was filed. No objection to the action of the court or to the filing of the motion was made by the appellees. In the absence of any objection, they will be presumed to have consented to the filing of the motion at the time it was filed. *Northcutt* v. *Buckles*, 60 Ind. 577; *Wilson* v. *Vance*, 55 Ind. 394. We think the motion may be regarded as properly in the record.

But the motion can not avail the appellants. There is no bill of exceptions in the record. Ninety days were given at the trial term to the appellant to file a bill of exceptions. It was not filed within the time given. The time was extended by agreement for several terms. At the expiration of the last agreed extension of time, the judge of the court, over the objections of the appellees, again extended the time for filing the bill of exceptions, and before the expiration of the time so given it was filed. The court had no power thus to enlarge the time for filing the bill of exceptions, nor can the exceptions filed within the time thus given be regarded as part of the record. *Greenup* v. *Crooks*, 50 Ind. 410; *Rhyan* v. *Dunnigan,*

76 Ind. 178. This being so, neither the instructions given by the court to the jury, nor those refused, nor the action of the court upon the interrogatories asked to be submitted to the jury, are before us. They are found only in the bill of exceptions.

If the facts stated in the appellants' brief existed, they had abundant reason to feel that gross injustice had been done them; but these things do not appear of record. We must take the record as the truth, and, so regarding it, we think there is no available error in it.

. PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.