Filed Oct. 9, 1884.

---

No. 10,574.

### SWEETSER *v.* McCREA.

BILL OF EXCEPTIONS.— *Time Given to File.*— *Extension of.*— *Objection.*—
*Waiver.*—Where time is given beyond the term in which to prepare and
file a bill of exceptions, the court can not grant an extension of such
time at a subsequent term, over the objection of the adverse party ; but
if such party is present, and makes no objection to such extension of
time, when it is granted, it will be held by the Supreme Court that, by
his silence, he acquiesced in and tacitly consented to the extension of
time and waived his right to object thereto.

SAME.—*New Trial.—Supreme Court.*—A cause for a new trial is not taken
as true, and will not be considered by the Supreme Court unless the
truth of the facts, assigned as such cause, is shown by bill of exceptions.

From the Wabash Circuit Court.

*C. Cowgill, H. B. Shiveley* and *C. E. Cowgill,* for appellant.
*J. D. Conner* and *J. D. Conner, Jr.,* for appellee.

HOWK, J.—In this case the appellant, Sweetser, sued the
appellee, McCrea, in a complaint of four paragraphs. As ap-
pellant's counsel say, however, that " the case was wholly

tried under the averments in the second and third paragraphs," we need not notice the other paragraphs of the complaint. We take from the brief of appellant's counsel the following summary of the second and third paragraphs of the complaint:

"The second paragraph states that, on the 8th day of June, 1881, the appellant was the owner of a stock of dry goods in the city of Wabash, Indiana, of the cash value of ten thousand dollars; that on said 8th day of June he entered into a contract with appellee for the sale of said goods, the terms of which were as follows: That appellee should pay appellant, for said stock of goods, the sum of five thousand dollars, and after such sale and delivery of the goods the appellee and appellant should take an invoice of such stock of goods, and if the stock should, at a fair invoice, amount to more than five thousand dollars, he, the appellee, was to pay him, the appellant, the excess over and above five thousand dollars, whatever that might be. The paragraph contains the further statement that the sale was consummated on the terms and conditions stated and no other. The goods were delivered to appellee, and afterwards a demand made for the invoice and a refusal; and that the stock of goods was of the cash value of ten thousand dollars.

"The third paragraph is much the same as the second, except that it states that the sale was of a stock of goods and the store-room in which they were situated, for the gross sum of fourteen thousand dollars, with the condition that the stock of goods, after delivery, should be invoiced, and the excess, if any, over and above five thousand dollars, should be accounted for by the appellee to appellant; that on these conditions, and no others, the stock was delivered into the possession of the appellee; that afterwards the appellee refused to make an invoice and account to appellant for the excess over and above five thousand dollars, and that said stock was of the cash value of ten thousand dollars."

The cause was put at issue and tried by a jury, and a verdict was returned for the appellee, the defendant below; and

over the appellant's motion for a new trial judgment was rendered against him for appellee's costs.

The only error assigned by the appellant, upon the record of this cause, is the overruling of his motion for a new trial.

It is claimed by appellee's counsel, that the bill of exceptions, containing the evidence and the rulings of the court in relation to the evidence, was not filed within the time given, and therefore did not become a part of the record. Of course, if counsel are right in this position, that is an end of this appeal, and the judgment below must be affirmed. We are of opinion, however, that the claim of appellee's counsel on this point can not be sustained, and that the bill of exceptions is properly in the record. The claim of counsel is manifestly founded upon the fact that the record contains two entries or orders giving time to the appellant to prepare and file his bill of exceptions. The cause was tried and the verdict returned at the September term, 1881, of the court below, and at the same term the appellant's written motion for a new trial was filed, and immediately following this motion in the record, and of the same date, appears the following entry: "And ninety days are given plaintiff in which to perfect and file his bill of exceptions, and cause continued.".

At the ensuing November term, 1881, of the court, the parties appeared and the court then overruled appellant's motion for a new trial, and sixty days were then given the appellant " in which to perfect and file his bill of exceptions herein," and then followed the judgment of the court, from which this appeal is prosecuted. The bill of exceptions was filed within the sixty days last given, but not within the ninety days first given. We have no doubt that the bill was filed in proper time and constitutes a part of the record. But if the court had erred in its last order, the appellee neither objected nor excepted to the time then given, and he is in no condition, therefore, to complain of such error. Even if the time last given must be regarded as an extension, merely, of the time first given, it must be held, we think, that the ap-

pellee, by his silence and his failure to object at the proper time, acquiesced in and tacitly consented to such extension of time. *Wilson* v. *Vance*, 55 Ind. 394; *Northcutt* v. *Buckles*, 60 Ind. 577; *Trentman* v. *Swartzell*, 85 Ind. 443. We are of opinion, however, that the time last given was not intended as an extension of the time previously given; but that the court, upon overruling the motion for a new trial, then gave the appellant such time as was thought necessary to prepare and file his bill of exceptions, without reference to any order previously made, on the same subject. Within the time thus given, the bill of exceptions was prepared and filed, and such bill so filed, we think, is a proper part of the record. Section 629, R. S. 1881; *Loy* v. *Loy*, 90 Ind. 404; *Louisville, etc., R. W. Co.* v. *Harrigan*, 94 Ind. 245.

It is not claimed by the appellant's counsel, in their brief of this cause, that the verdict of the jury was not abundantly sustained by the evidence. But counsel earnestly insist that the trial court erred in excluding from the jury certain relevant, material and competent evidence offered by the appellant. The exclusion of such evidence is the only matter of which appellant complains in argument, or for which he asks us to reverse the judgment below. It was incumbent on the appellant to show, by a fair preponderance of evidence, that the appellee had agreed to pay him for his stock of goods, not only the $5,000 paid in cash, at the time of the sale and delivery of such goods, but also the excess if any in the value of the goods over and above such sum of $5,-000. In addition to his proof of such agreement, it also devolved on the appellant to prove, not only that the value of the stock of goods exceeded the sum of $5,000, so paid in cash, but also the amount of such excess, or, in other words, the fair cash value of the stock of goods at the time of his sale and delivery thereof to the appellee, over and above the sum of $5,000.

At the proper time, as shown by the bill of exceptions, the appellant offered to prove by the testimony of himself and

another witness, that on the 14th day of January, 1881, prior to the sale to appellee, " a fair and careful invoice of the stock of goods was made, and that the same amounted to $7,243.76, and that there was put into that stock afterwards and up to the time of sale to appellee, new goods to the amount of $7,442.59, and that there had been sold out of said stock, for cash and credit sales, goods to the amount and value of $5,618.60, leaving in such stock, at the time of sale to appellee, goods to the amount of $9,067.75." Appellee's objections to the offered evidence were sustained and the evidence excluded by the court, and appellant excepted.

We have copied appellant's offer from the brief of his counsel, and of the ruling thereon they say: " The exclusion of this testimony was certainly an error of the court. How were the amount and value of the goods, in that stock, to be ascertained, if the proof offered by appellant was not proper? He had a right to make the proof and was, in fact, compelled to make it." Of course, under the allegations of his complaint, it was necessary for the appellant to prove that the value of his stock of goods, at the time of his sale and delivery thereof to the appellee, exceeded the sum of $5,000, and the amount of such excess, if any, to entitle him to a recovery. The trial court recognized this necessity, on the part of the appellant, and permitted him to show, without objection from the appellee, by the testimony of himself and his son, that the value of the stock of goods, at the time of his sale and delivery thereof to appellee, exceeded the sum of $5,000 from $3,000 to $4,000. But when the appellant offered to prove " that an invoice was taken and the result of that invoice," or " the amount of the invoice, on January the 8th last," the court very properly, we think, sustained the appellee's objections and excluded the offered evidence. It was not claimed nor pretended, that the appellee was, in any manner, a party to the invoice, or was present when it was made, or in any way participated in the preparation of such invoice. Surely, therefore, the court committed

no error in excluding from the jury the evidence offered by the appellant, to prove "that an invoice was taken and the result of that invoice," or "the amount of the invoice, on January the 8th last," about five months before his sale to the appellee.

In his motion for a new trial, the appellant assigned as cause therefor, "error of the court in refusing to allow plaintiff, on cross-examination of James Bruner, defendant's witness (said witness having stated, upon his examination in chief, that said stock was broken, and that the goods, in large part, were old and of inferior quality and character), to ask such witness whether, between the time of taking said invoice, on the 14th day of January last, and the time of the sale to appellee, McCrea, there had not been purchased, and added to said stock, new goods to the amount and value of $7,442.59?" It is a settled rule of practice in this court that the statement of facts as cause for a new trial, in the motion therefor, is not regarded here as true unless its truth is shown by a bill of exceptions properly in the record. *Hyatt* v. *Clements,* 65 Ind. 12 ; *Heckelman* v. *Rupp,* 85 Ind. 286 ; *Ireland* v. *Emmerson,* 93 Ind. 1 (47 Am. R. 364).

The bill of exceptions appearing in the record fails to show that the court refused to allow the appellant to ask the witness Bruner, on cross-examination, whether new goods had not been purchased and added to the stock, between the time of taking the invoice, on January 14th, 1881, and the date of the sale to the appellee. The bill shows that, instead of asking the witness Bruner any such question, the appellant proposed, on cross-examination, "to present through the witness forty-four bills of purchase of goods, made and put into that store from the *first* of January, up to the 8th day of June, 1881, amounting to something over $7,000, as going to show there were also new goods in there, and, also, the character of the stock of goods on the day of the sale." To this offer or proposition the appellee objected, and the court sustained his objections.

We are of opinion that the court did not err in excluding from the jury the "forty-four bills of purchase of goods" which the appellant offered "to present through the witness" Bruner. But whether the court did or did not err, it is certain, we think, that the ruling is not called in question by the cause assigned for a new trial in the appellant's motion; nor are the facts stated as such cause for a new trial shown to be true in or by the bill of exceptions.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Oct. 7, 1884.