Filed Jan. 24, 1884.

———————

No. 10,242.

HILL ET AL. *v.* HAZEN ET AL.

SPECIAL FINDING.—*Conclusions of Law.—Practice.—Harmless Error.*—The facts having been found specially by the court with four conclusions of law, two of which were erroneous and excepted to, a judgment was rendered which would have been proper upon correct conclusions of law, *Held*, that there was no available error.

From the Elkhart Circuit Court.

*R. M. Johnson, H. C. Dodge, O. Z. Hubble* and *E. G. Herr*, for appellants.

*J. M. Vanfleet*, for appellees.

FRANKLIN, C.—Appellees brought an action in the city court of Elkhart against appellants, for a certain stock of goods. Appellant Warren Hill was defaulted, and judgment was rendered against him for $893.36. Appellant Daniel Hill appeared and defended, and upon the trial judgment was rendered against him for $534.34. Daniel, at the time, made a motion for a new trial. The judgment was rendered on the 14th day of February, 1881, and by agreement of parties the argument and hearing of the motion for a new trial were set for the 25th day of February, 1881. Warren Hill claimed that no process had been served upon him, and that he knew nothing of the suit until he heard that a default had been entered against him; he then verbally informed the plaintiffs' attorneys that he intended to move to have the default set aside.

On the 25th of February, the time set for hearing Daniel's motion for a new trial, the plaintiffs' attorneys did not attend court, but sent a written note by the defendants' attorney to

the court, stating that they would not attend and oppose the motion for a new trial, or the setting aside of the default, nor consent thereto ; that the court might do as it pleased in the matter.

At the time of hearing Daniel's motion for a new trial Warren filed his application to set aside the default against him. The court then granted a new trial to Daniel, and set aside the default against Warren.   No further steps were taken in relation to any subsequent trial as to either of them, and on the 18th day of March, 1881, the attorneys for the plaintiffs in the original action caused an execution to issue upon said original judgment and to be placed in the hands of the sheriff of said county for the collection of said judgments. Daniel, under protest, and for the purpose of preventing the levying of said execution upon his stock of goods, paid to said sheriff the amount of the judgment against him.   Then these appellants, the said judgment defendants, commenced this suit to enjoin the enforcement of said execution and the collection of said judgments.

There was a trial by the court, and at the request of all the parties, a special finding of the facts was made and conclusions of law thereon stated.

Appellants excepted to the first, second and third conclusions of law, and judgment was rendered for the appellants.

The errors assigned are :

1st. Error in first conclusion of law.

2d. Error in second conclusion of law.

3d. Error in third conclusion of law.

The conclusions of law are as follows :

1st. That the city court had authority to take jurisdiction of said cause and render judgment therein.

2d. That said court obtained jurisdiction over the person and subject-matter in said cause, and the judgment rendered therein is not void, and is binding upon the parties in this action.

3d. That the said city court has no power to grant a new

trial in said cause after the expiration of ten days from the rendition of judgment therein, and the action of the court in granting a new trial therein was and is a nullity, and wholly void.

4th. The execution issued upon said judgment was void.

The judgment subsequently rendered is as follows:

" Now, on this 19th day of July, 1881, the day set for the further hearing of this cause, come again the parties by their attorneys, and the judge having heard all the evidence adduced, and being well advised in the premises, finds as follows: That the execution mentioned in the application herein is void, and that the sheriff ought to be restrained from paying the money in his hands and collected on said execution to the defendants, and that he should return the same to said plaintiff Daniel Hill.

" It is therefore ordered and adjudged that the said execution in plaintiffs' application mentioned is void, and that the defendant Christopher J. Gillette be enjoined and restrained from paying the money by him collected on said execution to the defendants, and that he pay the same to the plaintiff Daniel Hill.

" It is therefore ordered and adjudged by the court that the plaintiffs do have and recover of and from the defendants their costs and charges in this proceeding made, laid out and expended, taxed at," etc.

No objection was made in the court below to the form or substance of this judgment, nor in this court has there been any objection made to it.

There was no motion made in the court below for a *venire de novo*, or for a new trial.

The conclusions of law constitute a part of the statement upon which the judgment is to be rendered, and exceptions to conclusions of law are the proper means for bringing the questions as to the correctness of such conclusions before this court, when a final judgment has been rendered thereon from which an appeal will lie. But in this case there

does not appear to have been any judgment rendered upon the conclusions of law made by the court.

If the failure to enter any judgment upon the first, second and third conclusions of law is to be considered as having any effect against appellants, so as to require a decision of the questions involved, then we think the court erred in its second conclusion of law that the judgment was binding upon the appellants, and in its third conclusion of law in holding that the granting of the new trial and the setting aside of the default were null and wholly void.

We think that the facts found by the court show that appellees agreed to the hearing and decision of the motion for a new trial on the 25th day of that month, and waived the sooner disposal of it. At the time the motion was made there can be no question about the court having jurisdiction to hear and determine it, and we think the time was extended by agreement. The non-personal attendance of appellees at the time, with their written appearance filed, informing the court that they would not oppose or consent to the granting of the new trial or the setting aside of the default, and that the court might do as it thought proper, amounts to a tacit acknowledgment of the court's jurisdiction to then hear and determine the motion for a new trial as well as the motion to set aside the default. This court has repeatedly held that the proper time for filing a motion for a new trial may be waived, although section 13 of the act under which the city court was established (see 1 R. S. 1876, p. 317,) provides that "New trials may be granted by such judge at any time within ten days after rendering judgment, according to the usages in the circuit court," etc. Notwithstanding this provision, parties might waive their rights thereunder as they may waive any other legal right. *Wilson* v. *Vance*, 55 Ind. 394; *Northcutt* v. *Buckles*, 60 Ind. 577.

This is not a question of acquiring jurisdiction by agreement; the court had jurisdiction of the parties and subject-matter. The statute makes no provision as to the time in

which the court may set aside a default; as to that it is governed solely by the practice in the circuit courts. And the motion to set aside the default against Warren Hill was clearly good.

The written note informing the court that appellees would not attend and oppose the motion to set aside the default admits sufficient notice of the motion. And we think that the appellees are bound by the action of the court in granting a new trial to Daniel and setting aside the default against Warren; and that the court erred in its second and third conclusions of law. But there is no judgment thereon that we can reverse on account of such error.

Whether the court changed its mind after stating its conclusions of law we can not tell. But when it came to rendering judgment, it appears to have ignored its conclusions of law which have been excepted to and rendered its judgment upon the following statement: "That the execution mentioned in the application herein is void, and that the sheriff ought to be restrained from paying the money in his hands and collected on said execution to the defendants, and that he should return the same to said plaintiff Daniel Hill. It is therefore ordered and adjudged," etc. The judgment only covering the above statement.

Appellants have no cause to complain of this judgment in so far as it went, and neither party made any effort to get it to go any farther.

The judgment, to the extent it was rendered, is right, and we find no available error in this record.

The judgment ought to affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.

Filed Jan. 26, 1884.