Gillette *v.* Hill.

No. 10,766.

## GILLETTE *v.* HILL.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellant.

*R. M. Johnson, H. C. Dodge, O. Z. Hubbell* and *E. G. Herr,* for appellee.

FRANKLIN, C.—The questions presented in this case grow out of the same transaction, and are substantially the same as those discussed and decided in the case of *Hill* v. *Hazen,* 93 Ind. 109.

Upon the authority of that case the judgment in this case must be affirmed.

PER CURIAM.—It is therefore ordered that the judgment of the court below be and it is in all things affirmed with costs.

Filed Feb. 1, 1884.

PETITION FOR A REHEARING.

FRANKLIN, C.—The judgment in this case was affirmed upon the authority of the case of *Hill* v. *Hazen,* 93 Ind. 109, without any extended opinion in the case. To which we think appellant's counsel, in his brief on his petition for a rehearing, indulges in unwarranted criticisms. We think it unprofitable to copy them or answer them.

This suit was commenced August 18th, 1881. The facts in this case, as gathered from the special findings of the court in the case, are as follows: On the 4th day of February, 1881, Hazen, *et al.,* recovered a judgment in the court of the city of Elkhart for the sum of $504.01 against Daniel Hill and Warren Hill. On the 27th day of July, 1881, execution was issued on the same, and came into the hands of appellant as sheriff; that on August 1st, 1881, the sheriff demanded property of Daniel Hill to satisfy the execution, and threatened to seize and take possession of said appellee's goods unless he paid the same; that said appellee, to avoid said seizure, paid to appellant as such sheriff the amount due on said execution, said payment being made under protest and objection by appellee, on the alleged grounds that the judgment was not valid, that the execution was void, that he did not justly owe the debt, and that he would attempt to recover back the money; that on the second day of August, 1881, appellee and Warren Hill commenced proceedings against said sheriff to restrain and enjoin him from paying said money to Hazen *et al.,* and for an order that he pay the money back to appellee. Hazen *et al.* were made parties thereto, and an order was issued on the 3d day of August, 1881, and then served upon said sheriff, restraining him from paying over said money to said Hazen; that said court, on the 13th day of August, 1881, sustained said proceedings, and ordered the execution to be recalled and annulled, and ordered the said sheriff to pay back the money so collected by him on the said execution, and return the writ; that on the 11th day of August, 1881; appellant paid said money over to said Hazen, and returned the execution satisfied, and took from said Hazen an indemnifying bond, securing him against loss by reason of so doing; that before the commencement of this action to recover said money, and after the sheriff had received the same, appellee demanded the money of the sheriff, who refused to pay it to him.

Upon which finding the court stated the following conclusion of law: "That the plaintiff is entitled to recover of the defendant the sum of

money so paid, with interest from the date of the payment." To which defendant excepted. An appeal was taken to this court from the judgment declaring the execution void, and ordering the money paid back to appellee. In that appeal this court decided the invalidity of the original judgment and the voidness of the execution, and affirmed the judgment ordering the money paid back to appellee. The only error assigned in this case is alleged error in the conclusion of law.

We think the affirmance of the judgment in that case fully settles the legal question involved in this case, and there was no error in the conclusion of law.

PER CURIAM.—The petition for a rehearing is overruled, at appellant's costs.

Filed May 8, 1884. Petition for a rehearing overruled June 19, 1884.