Gillette v. Hill.

No. 11,956.

## GILLETTE v. HILL.

SHERIFF. — *Subrogation.* — *Offset.* — *Judgment.* — *Void Execution.* — Where a sheriff, upon a void execution, collects the amount of a valid judgment and pays it over to A., the judgment plaintiff, and subsequently the judgment defendant obtains a judgment against such sheriff for the recovery of the money so collected, such sheriff is subrogated to the rights of A., and is entitled to offset that judgment against the one against him, or to have execution upon it, at his option. Sec. 1214, R. S. 1881.

From the Elkhart Circuit Court.

*J. M. Vanfleet*, for appellant.

*R. M. Johnson, E. ·G. Herr* and *H. C. Dodge*, for appellee.

NIBLACK, J.—In an action against Daniel Hill and Warren G. Hill, Abraham L. Hazen, Richard Todd, Rufus Todd, Horace C. Skinner and John A. Knapp, on the 14th day of February, 1881, recovered a several judgment against Daniel Hill in the "court of the city of Elkhart," in this State, for the sum of $534.01. On the 25th day of the same month, that court, on the motion of Daniel Hill, granted a new trial in the cause, but then fixed no day for another trial. On the 18th day of March, 1881, the judge of the court lastly above named, having come to the conclusion that the order granting a new trial was void, because not made within *ten* days after the judgment was rendered, issued an execution upon the judgment, which was directed to and placed in the hands of Christopher J. Gillette, as sheriff of Elkhart county. Conceiving that a new trial had been properly granted, and that the judgment had been thereby vacated, Daniel Hill, uniting with Warren G. Hill, commenced a suit on the 25th day of March, 1881, in the Elkhart Circuit Court, against Gillette and the judgment plaintiff, to restrain the enforcement of the execution, and to have it declared and decreed that the judgment had been lawfully vacated. The execution was afterwards, on the 16th day of July, 1881, quashed by order of the judge

in vacation, and, on the 27th day of the same month, the judge of the court of the city of Elkhart issued another execution on the judgment which was also placed in the hands of Gillette as sheriff. On the 2d day of August, 1881, Daniel Hill, to prevent a levy upon his property, paid the sum of money demanded by the execution under protest, and, on the 11th day of that month Gillette paid over the amount thus collected by him of Daniel Hill to Hazen and others, the execution plaintiffs. Afterwards, at a trial of the injunction suit, in which there had been some amendment in the pleadings, and upon a special finding of the facts, the circuit court came to the conclusions, as matters of law:

*First.* The city court had authority to take jurisdiction of said cause and render judgment therein.

*Second.* The said court obtained jurisdiction over the persons and subject-matter in said cause, and the judgment rendered therein is not void and is binding upon the parties, in this action.

*Third.* The said court had no power to grant a new trial in said cause after the expiration of ten days from the rendition of judgment therein, and the action of the court in granting a new trial therein was and is a nullity and wholly void.

*Fourth.* That the execution issued upon said judgment was void.

The court thereupon, in effect, adjudged that the execution upon which Gillette had collected the money from Daniel Hill was void, and decreed that the money so collected should be returned to the said Daniel Hill; and also rendered judgment against the defendants in that proceeding for costs. The Hills appealed from that judgment to this court, assigning error severally upon the first three conclusions of law. This court argumentatively criticised and disapproved of the second and third conclusions of law, but nevertheless affirmed the judgment without any modification, reservation or limitation. See *Hill* v. *Hazen,* 93 Ind. 109.

On the 18th day of August, 1881, Daniel Hill commenced an action also in the Elkhart Circuit Court against Gillette, to recover back the money collected by the latter from the former upon the execution decreed to be void in the case of *Hill* v. *Hazen*, *supra*, and the court made a special finding of the facts, upon which it came to the conclusion that Hill was entitled to recover back from Gillette the money sued for, upon the ground that the third section of the act of April 7th, 1881 (Acts 1881, p. 102), had transferred all such cases as that out of which the controversy had arisen to the circuit court, and that hence the judge of the court of the city of Elkhart had no authority to issue the execution in question. Judgment was thereupon rendered accordingly upon the findings and conclusions thus stated. That judgment was also affirmed by this court. See, also, *Gillette* v. *Hill*, 96 Ind. 601.

After the affirmance of that judgment by this court, Gillette commenced this proceeding in the court below to have the judgment rendered by the court of the city of Elkhart, in favor of Hazen and others, set off against the judgment obtained against him by Daniel Hill, as above, upon the theory that, under the circumstances attending the various transactions herein set out, he had become subrogated to all the rights of the plaintiffs in, and hence the equitable owner of, the Hazen judgment. The circuit court, however, upon full consideration of the premises, decided that Gillette was not entitled to have the Hazen judgment thus set off against the judgment against him in favor of Daniel Hill, and adjudged accordingly, and it is from that adjudication that this appeal is prosecuted.

In support of the refusal of the circuit court to thus set off one judgment against the other, it is argued that, as a matter of judicial construction, this court held in the case of *Hill* v. *Hazen*, *supra*, as well as in the case of *Gillette* v. *Hill*, *supra*, that the Hazen judgment had been annulled and set aside by the order granting a new trial, and that, in conse-

quence, there is now no such a judgment as that once was in existence, and whether the construction thus contended for ought to be maintained, we regard as the controlling question in this cause.

It is a confession we regret to have to make, but it must nevertheless be admitted, that the complications attending this most important question are quite anomalous as well as unfortunate, and may have tended very materially to protract controversy between the parties to this appeal. But we do not feel at liberty to hold that this court has, in legal effect, *decided* that the Hazen judgment was annulled and set aside by the order for a new trial made on the 25th day of February, 1881, as it is claimed was done in the cases referred to; on the contrary, the legal inference from the actual holding in the case of *Hill* v. *Hazen, supra,* seems to us to be that the judgment in question continued to be a valid and operative judgment.

We are furthermore of the opinion that upon the facts herein above stated, Gillette became subrogated to the rights of the plaintiffs in the Hazen judgment, and entitled to have it set off against the judgment against him in favor of Daniel Hill, or to have execution upon the Hazen judgment at his option. We are led to that conclusion by the general scope, spirit and meaning of section 1214, R. S. 1881, as well as by the general principles which underlie the doctrine of subrogation. See sections 7 and 90, Sheldon Subr., and cases there cited; also, *Burbank* v. *Slinkard,* 53 Ind. 493 ; *Shirts* v. *Irons,* 54 Ind. 13; *Adams* v. *Lee,* 82 Ind. 587.

The judgment is reversed with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Filed June 11, 1885. Petition for a rehearing overruled Oct. 14, 1885.