CASE 100—PETITION EQUITY—DECEMBER 8.

# Curry, &c., v. Curry, &c.

APPEAL FROM ADAIR CIRCUIT COURT.

1. AGENT—VOLUNTARY PAYMENT—SUBROGATION.—An agent who pays money out of his own pocket to protect the estate of his principal that is in his charge, is not a volunteer, and he is entitled to all the equities that his principal would be entitled to had he paid the demand himself.

   P. and others executed their joint note to H. for money borrowed for the use of C., who agreed to execute to them a mortgage on land to indemnify them. C. thereafter executed his. note to P. for the amount, and also a mortgage on land to secure it. P. having. died, and no administrator having been appointed, J., who was managing the estate as the agent of the only heir, paid off one-half the note

which P. and others had executed to H.; and G., another obligor, paid off the other half. Thereafter the administrator of P., when appointed, assigned to J. and G. the note and mortgage which C. had executed to P. In this action by them to enforce the mortgage, C. defends upon the ground that J. was a volunteer. *Held*—That J. had the right to make the payment for the protection of the estate of his principal, and was, therefore, not a volunteer. Besides, C. can not complain that J. was an intermeddler with his affairs, as the debt paid was not a debt on which C. was bound.

2 TRUST.—The note and mortgage executed to P. were held by him in trust for himself and co-obligors, the trust to enure to the exclusive benefit of any one of said obligors who might pay off the joint obligation.

MONTGOMERY & JONES FOR APPELLANTS.

One who voluntarily pays the debt of another has no right to be substituted to any liens the creditor may have had to secure the debt. (Griffin v. Procter, 14 Bush, 571; Flannary v. Utley, 9 Ky. Law R. 581.)

H. C. BAKER FOR APPELLEES.

Taking additional security does not release the original security, nor will the renewal of a note release a mortgage executed to secure the payment of the original note. (10 Bush, 56; 5 B. M., 134; 8 B. M., 295; 2 Bush, 74; 4 Bush, 383.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

It appears from the weight of the evidence in this case that James Curry, by an arrangement with the appellant, borrowed of Hunter & Rowe two hundred dollars for the use of the appellant, and executed his note, secured by mortgage, for said sum; that afterwards it became desirable to make some other arrangement in reference to securing the payment of said loan so as to release the mortgage executed by James Curry to secure the payment of the loan. So, at the request of the appellant, a plan was entered into, by which the appellee, George W. Curry, A. M. Petty and others executed a joint note to Hunter & Rowe for said two

hundred dollars, due and payable in twelve months from date. It was also agreed that the appellant was to give a mortgage on his land (the two hundred dollars originally borrowed having been used for the purpose of finishing paying for said land) to secure the obligors on said note.

The appellant, as appears from the exhibits filed, did, on the same day that the note was executed by the appellee, Curry, and others, execute to A. M. Petty, one of said obligors, his promissory note, due twelve months from date, for the sum of two hundred dollars ; the note recites that it was secured by mortgage. In a short time thereafter the appellant and his wife did execute a mortgage on said land to secure the payment of said note. It also appears, from the weight of the evidence, that said note and mortgage were executed to A. M. Petty for the purpose of carrying out the agreement that the appellant had made with the said obligors to indemnify them. Before the note executed to Hunter & Rowe was paid, A. M. Petty died intestate, unmarried, and without issue, whereby his father, who was living, became his heir-at-law. The father thereafter died, but, in the meantime, no administrator was appointed to take charge of A. M. Petty's estate, and the appellee, James N. Petty, who was managing said estate at the request of his father and for his benefit, paid off one-half of the note on which was A. M. Petty and the appellee, George W. Curry, etc. ; and the appellee, Curry, paid off the other half. At the time of said payment the appellant, desiring further indulgence, and it being apprehended that the land was not sufficient security, executed to the appellee,

Curry, a mortgage on some personal property for the purpose of additionally securing said sum. After the death of A. M. Petty's father an administrator was appointed on the estate of A. M. Petty, who assigned the note and mortgage which the appellant executed to A. M. Petty to the appellees, George W. Curry and James M. Petty, which assignment was made in consideration of appellees having paid off the note to Hunter & Rowe.

Although the note and mortgage were executed by the appellant to A. M. Petty alone, yet he held them in trust for the equal benefit of himself and co-obligors; and said trust would enure to the exclusive benefit of any one of said obligors who might pay off said joint obligation.

It is said, however, that the appellee, Petty, was a volunteer paymaster to the extent of one-half of said debt; and, for that reason, he is not entitled to the benefit of said lien.

This position can not be sustained, for the reason, among others, that the appellee, Petty, did not volunteer to pay any debt on which the appellant was bound; he can not complain, therefore, that the appellee intermeddled with his affairs. If it be true that he was an intermeddler in the affairs of any one for the purpose of making such one his debtor, such intermeddling related to the estate of his brother, A. M. Petty; but the administrator thereafter, so far from treating him as an intermeddler, ratified his act and assigned to him, as an indemnity, the note and mortgage which he held as administrator on the appellant.

Curry, &c., v. Curry, &c.

But James N. Curry was not an intermeddler; for it appears from the proof that he was managing the estate of A. M. Petty as the agent of his father, who was entitled to the estate as the heir of his son; and to discharge the demand upon the estate, which was being pressed for payment, he paid one-half of the demand out of his own means, George W. Curry, one of the obligors on the note, paying the other half. It is well-settled that an agent, who pays money out of his own pocket to protect the estate of his principal that is in his charge, is not a volunteer, and he is entitled to all the equities that his principal would be entitled to, had he paid the demand himself.

The judgment of the circuit court subjecting the land mortgaged to A. M. Petty, and the personal property mortgaged the appellee, George W. Curry, to the payment of the amount paid to Hunter & Rowe by the appellees, together with interest thereon, is affirmed.