Chandler v. Green.

---

**Frank R. Chandler v. Hetty H. R. Green, Asahel F. Bennett et al.**

1. AGENTS—*Not to Incur Expenses Contrary to the Wishes of Their Principals.*—A trustee is an agent, and he should not incur an expense which his principal deems unwise and refuses to sanction.

2. LIENS—*Not Necessary that There Should Be a Debtor.*—It is not necessary to the existence of a lien that there should be a debtor. A lien is a claim upon a fund recognized by the law, and such fund may consist of money, a debt, or real or personal property.

3. SUBROGATION — *Where a Stranger Without Request Pays Off an Incumbrance.*—A stranger who, without a request, pays off an incum-

brance, is not subrogated, nor does he acquire the lien of the incumbrance.

4. SAME—*To Whom the Right of Subrogation Extends.*—The right of subrogation upon payment of a debt extends, not merely to sureties, subsequent incumbrancers, co-debtors, tenants in common, partners, purchasers, but to any person interested in the estate upon which there is a lien or incumbrance.

5. SAME—*To a Personal Representative Who Pays a Debt.*—A personal representative who pays a debt, or makes an advance to creditors, legatees or distributees, will, to the extent of the assets for which he is liable, be subrogated to all the rights of such creditors, legatees or distributees, including priority and dignity of claim.

6. SAME—*To an Agent Using His Private Means to Protect the Estate of His Principal.*—An agent who uses his private means to protect the estate of his principal is entitled to be subrogated to the position and rights of his principal.

7. SAME—*To an Officer Who Becomes Liable for the Amount of a Judgment by Reason of His Failure to Discharge His Official Duties Under an Execution in His Hands.*—An officer who becomes liable for the amount of a judgment, by reason of his failure to discharge his official duty under an execution in his hands, may, upon payment of the judgment debt, be subrogated to the rights of the judgment creditor.

8. SAME—*Subrogation in Courts of Equity.*—A court of equity will keep an incumbrance alive or consider it as extinguished, as will best serve the purposes of justice, and the actual and just intentions of the party, and, independent of any agreement, will consider money advanced by trustee to purchase in an outstanding title, as an advance for the benefit of his *cestui que trust*, and not for his own use, giving him a lien on the property until he is re-imbursed for the advancement.

**Foreclosure of Trust Deeds.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 4, 1902.

This is an appeal from a decree entered in the consolidated causes of Chandler v. Bennett et al., and Green v. Bennett et al. The bill in the first named case was filed by the appellant, Frank R. Chandler, to foreclose a trust deed executed by Bennett and Smith, for certain coupons, subject to the continuing lien of the same trust deed for the principal debt; that in the second was filed by the appellee, Hetty H. R. Green, for the foreclosure of the same incumbrance as to the principal.

Both bills set up the making of a trust deed by appellees,

Asahel F. Bennett and Francis F. Smith, to Edward N. Green, trustee, Frank R. Chandler being therein named as first successor in trust, dated March 1, 1887, to secure the grantees' principal note of even date, for the sum of $5,000, conveying certain premises in Cook county, Chandler's bill alleging that he does not own or control the principal note, or any interest coupons, other than four extension interest coupons therein described, and praying that any sale of said premises might be subject to the lien of said trust for the indebtedness thereby secured, other and in addition to the amount found due him upon the hearing of the cause, including certain items of insurance, which were disbursed by him for the protection of the security.

There is no controversy in the case as to the amount due to Mrs. Green, found by the decree to be $7,154.01, with interest, costs, and $200 solicitor's fees.

The court found to be due to Chandler the amount of four extension interest coupons, and certain of the insurance premiums, the same being found to be a lien second and subordinate to the lien of Mrs. Green, and that she should be paid all sums due her prior to the payment to Chandler of the amount found due to him, but refused to include in the amount due an item of $37.27, disbursed by him for insurance.

STILLMAN & MARTYN, attorneys for appellant.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Frank R. Chandler, as successor in trust under the mortgage deed, deeming that for the protection of the holder of the security additional insurance was needed, procured the same at a cost of $37.27 and sent the policies to Hetty H. R. Green as such holder; she did not think the additional insurance necessary and returned the policies, declining to pay the premiums.

As none of the *cestuis que trust* desired this insurance and

all not only object to paying for the same but have received no benefit therefrom, we think the chancellor properly disallowed the claim of Chandler therefor.

A trustee is an agent. An agent ought not to incur expense which his principals deem unwise and refuse to sanction.

As is quite customary with the agents of mortgage security holders, Chandler, as the agent of Mrs. Green to collect the interest upon this incumbrance, interest coupons having been forwarded by her to him for collection, at their maturity, advanced and forwarded to her the amount of four coupons, numbered respectively 5, 6, 7 and 8, retaining these coupons in his possession. Each of these coupons was for the sum of $150; payment on all was demanded of the mortgagors and none has been paid.

Hetty Green filed her bill to foreclose, alleging the non-payment of the principal note for $5,000 and three interest coupons numbered respectively 9, 10 and 11.

Chandler, trustee, some eighteen months previously had filed his bill to foreclose, alleging the non-payment of the four coupons, the amount of which he had advanced to Hetty Green.

Asahel F. Bennett and Francis F. Smith, who made the mortgage and executed the principal note and all the coupons, answered the bill filed by Chandler, and in their answer say that the "interest coupons numbers 5, 6, 7 and 8 are due and unpaid."

The decree of the Circuit Court gave to Chandler a lien upon the premises for the amount of these coupons, subject to the lien of Hetty Green for the principal note and the unpaid coupons held by her.

The premises, after the making of the mortgage, were by Asahel F. Bennett and Francis F. Smith conveyed to George A. Hawley and Henry C. Fuller in trust for Prescott Doughty Bennett.

Upon this appeal cross-errors are assigned, it being insisted that Chandler, by advancing to Hetty Green the amount of the four coupons now held by him, discharged the premises from the lien thereof.

Chandler v. Green.

It is urged that as the coupons were payable to the order of Hetty Green and have never been indorsed by her, Chandler has neither legal nor equitable title thereto; that Chandler is a mere volunteer and that he could not make himself the creditor of Asahel F. Bennett and Francis F. Smith without their consent.

It is quite true that with the exception of the purchase of commercial paper and certain cases taken by statute out of the general rule one can not at law make another his debtor without his consent. The rights of equitable assignees of choses in action are enforcible in equity.

It is not necessary to the existence of a lien that there should be any debtor. A lien is a claim upon a fund, recognized by the law. The fund may be money, a debt, real or personal property.

The question in this case is not so much whether Asahel F. Bennett and Francis F. Smith owe the amount of these coupons to Chandler as whether the lien of these coupons has been discharged by his advance of the amount thereof to Mrs. Green.

The general rule is that a stranger who, without request, pays off an incumbrance, is not subrogated to, nor does he acquire the lien of the claim. Pomeroy's Equity Jurisprudence, Sec. 790, 791, 792, 1419.

Where money has been handed to a creditor, whether a payment was thus made is usually a question of intention. Pomeroy's Equity Jurisprudence, Sec. 791, 792, 796, 799.

In the present case it is manifest that Chandler, sending his own money to Mrs. Green and retaining possession of the coupons, did not intend to pay them or to discharge the lien thereof.

Mrs. Green does not claim that the lien of these coupons was removed or they paid, save that as against her they could not be held; while Bennett and Smith, by whom the coupons were made and whose indebtedness only they were, come into court, in response to Chandler's bill, asserting the lien thereof, and answer that these coupons " are due and unpaid."

No person has suffered, paid or done anything upon any understanding that these coupons have been paid, unless it be Mrs. Green in not foreclosing for non-payment thereof; they are not asserted against her or her lien and she does not object to Chandler's foreclosure subject to her lien.

Yet in a court of equity it is urged that a payment has been made which no one intended; and that such unintentional payment of $600 inured to the benefit of those who have not disturbed a penny, suffered or done anything on the strength thereof or been in any way misled thereby.

Chandler was not a stranger to the mortgaged security or the indebtedness of Bennett and Smith to Mrs. Green. As the successor in trust, the legal title to the mortgaged premises was vested in and extensive powers in relation thereto were bestowed upon him; he was also the agent of Mrs. Green to collect these coupons and responsible to her for the exercise of reasonable diligence in respect thereto.

As the holder of the legal title he was interested in the protection of it; and he owed to all of the *cestuis que trust* the duty of caring for their interests in this property as though it were his own. While he could do nothing hostile or harmful to those for whom he was trustee he could rightfully do that which was beneficial to all.

It was for the interest of Mrs. Green to receive the money due upon these coupons; it was for the interest of those who made the mortgage and all claiming under them that Mrs. Green, by the reception of the money due thereon, should be placed in a position where she could not declare the entire amount of the incumbrance at once due and payable.

While such declaring is not regarded by equity as a forfeiture but an acceleration, a court of equity does not look with disfavor upon an advance or payment that harms no one, although it deprive the mortgagee of an opportunity to compel payment of the incumbrance long before the agreed time.

The right of subrogation upon payment of a debt extends not merely to sureties, subsequent incumbrances, co-debtors,

tenants in common, partners, purchasers, but to any person interested in the estate upon which there is a lien or incumbrance. Vol. 24, 1st Ed. Am. & Eng. Ency. of Law, 248.

A personal representative who pays a debt or makes an advance to creditors, legatees or distributees will, to the extent of the assets for which he is liable, be subrogated to all the rights of such creditors, legatees, or distributees, including priority and dignity of claim. 1st Ed. Am. & Eng. Ency. of Law, Vol. 24, p. 298.

An agent who uses his private means to protect the estate of his principal is entitled to be subrogated to the position and rights of his principal. Curry v. Curry, 87 Ky. 667; Gillett et al. v. The Insurance Co. of North America, 39 Ill. App. 284–286; see also, Slack v. Kirk, 67 Penn. St. 380.

An officer who becomes liable for the amount of a judgment, by reason of his failure to discharge his official duty under an execution in his hands, may, upon payment of the judgment debt, be subrogated to the rights of the judgment creditor. Gillette v. Hill, 102 Ind. 531.

The rule is thus enunciated by Chancellor Kent, in 6 Johnson's Chancery Reports, 395, Starr v. Ellis:

" A court of equity will keep an incumbrance alive or consider it as extinguished, as will best serve the purposes of justice, and the actual and just intentions of the party." See also, Sheldon on Subrogation, section 13.

A court of equity, independent of any agreement, will consider money advanced by a trustee to purchase in an outstanding title, as an advance for the benefit of his *cestui que trust*, and not for his own use, giving him a lien on the property until he is re-imbursed the advancement. King v. Cushman et al., 41 Ill. 31–38; O'Halloran v. Fitzgerald, 71 Ill. 53–58; Dodge v. Freedman's Savings and Trust Co., 93 U. S. 397; Ketcham v. Duncan, 96 U. S. 659.

. The decree of the Circuit Court in keeping the lien of these coupons alive is in accordance with the intention of Chandler, not contrary to the intention of any of the *cestuis que trust*, in accordance with equitable principles, and manifestly just. It is therefore affirmed.