BAUMAN and Others *v.* GRUBBS.

26 419
127 201

26 419
135 253
136 28

26 419
141 325

PRACTICE.—MISTAKE IN NAME.—A mistake in the name of a party, which was amendable in the court below, will be disregarded in the Supreme Court, as not affecting the substantial rights of the adverse party.

LIMITATION.—LEGAL DISABILITY.—The phrase "under legal disabilities," in 2 G. & H., sec. 215, p. 161, includes married women, persons under the age of twenty-one years, or of unsound mind, or imprisoned, or out of the *United States.*

SAME.—Where a party is under legal disability, when the cause of action accrues, and the disability continues to the time of trial, such party is not barred by the statute of limitations.

SAME.—ADVERSE POSSESSION.—Color of title is not necessary to constitute an adverse holding so as to bar an action under the statute of limitations.

APPEAL from the *Dearborn* Circuit Court.

GREGORY, C. J.—Suit by the appellant against *Grubbs* "to recover the possession of real property." Answer, general denial. Trial by the court; finding for the defendant; motion for a new trial overruled and judgment. The evidence

is in the record. , *John Buffum* and *Henry Diffendaffer*, in 1818, purchased of the *United States* the land in question, on credit. Final payment was made *July* 2d, 1827, and a final certificate of purchase was issued to *Diffendaffer* and to the heirs of *Buffum*. *Diffendaffer* became the purchaser of the interest of *Buffum's* heirs, and afterwards assigned the certificate to *Henry Share*, who was entitled to a patent for the land. But owing to the fact that evidence of the assignment of the certificate to *Share* was not furnished to the commissioner of the general land office at *Washington*, the patent was not issued until the 3d of *July*, 1861. The plaintiff's are the heirs at law of *Henry Share*. The appellee puts his defense on the statute of limitations. The defendant took possession of the land in controversy in *March* or *April*, 1841, under a purchase from *William V. Cheek*, who held a certificate of purchase therefor, under a tax sale made in *August*, 1839. The auditor's deed to *Grubbs* bears date 8th of *October*, 1849. *Cheek* assigned the certificate of purchase to *Grubbs* before the latter took possession. *Ann Snyder* and *Lyman Snyder* are plaintiffs in the action. The proof shows that *Barbara Ann Lee Snyder* is the only daughter of *Henry Share*, deceased, and that her husband is now living. She was married to *Lyman Snyder* on the 7th of *February*, 1833, five days before she arrived at the age of twenty-one years. It is claimed that she cannot recover because she has not sued by her right name. There is nothing in this. She is sufficiently identified by the fact of her marriage to *Lyman Snyder*. If there was any mistake in the name, the court below could at any time have allowed it to be corrected, and it will be disregarded by this court as not affecting the substantial rights of the adverse party. *Henry Share* died *August* 5, 1830. It is claimed that Mrs. *Snyder* is barred by the statute of limitation; that her marriage is no disability under the code. But in this the appellee is mistaken. The code provides that " any person being under legal disabilities when the cause of action accrues, may bring his action within two years after the disability is

removed. 2 G. & H., § 215, p. 161. "The phrase 'under legal disabilities,' includes married women, persons within the age of twenty-one years, or of unsound mind, or imprisoned, or out of the *United States.*" 2 G. & H. § 797, p. 335. An infant may sue, but nevertheless he is under legal disability. The fact that a person may sue is not the test. Mrs. *Snyder* was under legal disability when the cause of action accrued, and that disability continued to the time of the trial; she is therefore not barred by the statute of limitations.

*Magdalena Share*, a daughter of *Henry Share*, married *Bauman* in 1793; *Bauman*, the husband, died in *March*, 1860; *Magdalena* died *March*, 1861. This suit was commenced on the 18th of *October*, 1862, more than eighteen months after the death of *Magdalena*, and is therefore barred. 2 G. & H., § 217, p. 162; *Hiatt* v. *Hough*, 11 Ind. 161. The statute runs against an infant, but such infant has two years after the legal disability is removed, within which to bring his action. The other plaintiffs are all clearly barred by the statute of limitations.

It is claimed that as the patent did not issue until 1861 the plaintiffs are not barred. We think otherwise. In *Doe* v. *Hearick*, 14 Ind. 242, this court held that when a purchaser of land from the *United States* has made the final payment and is entitled to a patent, he is the equitable owner of the premises; and if an adverse possession be set up, the statute of limitation will run against such purchaser, for after becoming entitled to a patent, he might at any time obtain possession of the premises by a suit in equity.

It is claimed that the defendant went into possession without color of title; that he was a mere trespasser, and cannot hold beyond the land over which he exercised palpable and continuous acts of ownership. The defendant entered under claim of title. He had purchased of *Cheek*, and held the certificate of purchase. Color of title is not necessary to constitute an adverse holding so as to bar an action under the statute of limitations. The deed of one out of posses-

sion is not void unless there is an adverse possession under claim and color of title. *Moore et al.* v. *Worley et al.* 24 Ind. 81. But this is not necessary to bar an action under the statute of limitations. The statute is this: "The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards. Fifth. * * * For the recovery of the possession of real estate—within twenty years." The fact of possesion and the *quo amino* it commenced are the tests. The defendant entered under a claim of ownership, and he was in possession to the extent of his claim. *Bell et al.* v. *Longworth et al.* 6 Ind 273. Mrs. *Snyder* has the right to recover in this action to the extent of her interest in the land. 2 G. & H., § 600, p. 283. The court below erred in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to grant a new trial, and for further proceedings.

*A. Brower*, for appellants.

*D. S. Major*, for appellee.