Roots v. Beck et al.

No. 12,879.

## ROOTS v. BECK ET AL.

REAL ESTATE, ACTION TO RECOVER.—*Title.*—*Evidence.*—*Burden on Plaintiff.*—The burden is upon the plaintiff in ejectment to make out his title and right of possession by affirmative proof.

SAME.—*When Burden on Defendant.*—Where the defendant in ejectment pleads in confession and avoidance, and there is a reply in denial, the burden is on him as to the affirmative matter.

SAME.—*Adverse Possession.*—*Color of Title.*—Open, notorious, exclusive, uninterrupted and adverse possession, continued for twenty years, without color of title, will confer a complete title, in all respects equal to a conveyance in fee.

SAME.—*Statute of Limitations.*—The only distinction between titles acquired under the statute of limitations by adverse possession under color of title, and without it, is, that in the latter case title will be limited to actual, visible, continued occupancy, while in the former it may by construction embrace lands only part of which is actually occupied.

From the Fayette Circuit Court.

*B. F. Claypool, J. H. Claypool, L. W. Florea* and *G. C. Florea,* for appellant.

*R. Conner, H. L. Frost, H. C. Fox* and *J. F. Robbins,* for appellees.

MITCHELL, J.—The appellant's argument for a reversal of the judgment below relates exclusively to the propriety of certain instructions given by the court at the trial.

The action was by Abraham B. Conwell against Francis M. Roots, the first paragraph of the complaint being in ejectment to recover the possession of certain described real estate; the second was to quiet the title to the same land; while a third paragraph was trespass, to recover damages for alleged injuries to the land in dispute.

The defendant below answered specially to the first paragraph of complaint, that he was the owner and in possession of part of the real estate described, and that as to the residue he disclaimed any ownership or possession. To the second and third paragraphs the general issue was pleaded. The plaintiff closed the issues by replying a general denial

to the defendant's special answer to the first paragraph of the complaint.

Having stated the issues substantially as above, the court, in its fifth instruction, told the jury that the plaintiff having by his reply denied the matters set up in the first paragraph of the defendant's answer, the defendant was thereby put upon the proof of the affirmative matter set up in such answer.

This instruction is assailed as erroneous, in that, as the appellant contends, it instructs the jury that the burden of proof was upon the defendant, whereas it is said, in eject-ment, the plaintiff must recover upon the strength of his own title, and hence has the burden of showing title in himself before he can recover even as against a defendant in possession without title.

That the proposition contended for is, in the abstract, cor-rect, results from the provisions of section 1057, R. S. 1881, as well as from an often reiterated common law rule. Stand-ing alone, the instruction in question might have been mis-understood, but read in connection with the seventh and tenth, we do not think it could have misled the jury.

In the seventh instruction, the jury were told explicitly, that the first paragraph of the answer to the first paragraph of the complaint put the plaintiff upon the proof of all the material allegations in that paragraph of complaint as were not specially therein admitted, and that to entitle the plain-tiff to recover he must prove the material allegations of his complaint, not specially admitted, by a preponderance of the evidence.

The tenth instruction, given at the appellant's request, told the jury that the plaintiff must recover on the strength of his own title, that the burden of proof was upon him to show title to the land, and a right of possession, and that if the plaintiff failed to show title in himself, it would make no difference whether the defendant had title or not.

Taking the instructions all together, we can hardly con-ceive how the jury could have failed to realize that the neces-

sity was upon the plaintiff, to make out his title and right of possession by affirmative proof.

There was a sense in which the fifth instruction was not erroneous, as applied to the defendant's special answer. In so far as that answer was a plea in confession and avoidance, admitting the plaintiff's *prima facie* case, and avoiding it by affirmative matter, it was correct to say that the defendant was put to the proof of such affirmative matter. This, we think, is the fair interpretation of the charge. Thus interpreted, it was not erroneous, taken in connection with those which followed.

The eighteenth instruction is said to contain an erroneous statement of the law. It was as follows:

" Under the statute of this State twenty years of continuous, exclusive, uninterrupted, and adverse possession of real estate, not only bars a right of action therefor, but it also confers as complete a title as a written conveyance against every one who is not under legal disability during any part of such time."

This instruction is said to be faulty, in not stating that adverse possession, in order to confer title in fee, under the statute of limitations, must be under color of title. While conceding that color of title is not necessary to constitute an adverse holding, so as to bar an action under the statute of limitations, appellant's counsel nevertheless contend that in order to acquire a title in fee by adverse possession, the occupancy must have been under claim or color of title.

Some of the earlier cases seem to recognize the distinction contended for. The later decisions, however, leave little room for contention.

An open, notorious, exclusive, uninterrupted, and adverse possession, continued for the period of twenty years, is effectual to confer a complete title on the person so occupying, and it is not essential that such possession should have been under color of title. *State* v. *Portsmouth Savings Bank*, 106 Ind. 435; *Sims* v. *City of Frankfort*, 79 Ind. 446; *Brown* v. *An-*

*derson,* 90 Ind. 93, and cases cited; *Hargis* v. *Inhabitants, etc.,* 29 Ind. 70; *Bauman* v. *Grubbs,* 26 Ind. 419.

The acquisition of title to land by adverse occupancy is predicated upon the statute of limitations. The effect of the statute is such that the continuous and uninterrupted adverse occupancy of land for a period of twenty years operates to extinguish the title of the real owner, and vests the person so occupying with a title in fee simple. Sedg. & Wait Trial of Title to Land, sections 726, 727.

The bar of the statute having become complete, the rights of the person entitled to its benefits are as complete as though he were invested with an actual title. A title so acquired is equally available, whether it is used as a shield for the purposes of defence, or to recover a possession lost after such title has fully matured.

Some of the apparent confusion in the cases, which has been remarked upon, grows out of the difference between that peculiar hostile possession which formerly rendered conveyances executed by parties out of possession void, as respects persons occupying the land adversely, and that undisturbed possession which by the efflux of time will ripen into a title. The former required possession under color of title. The latter might originate without claim or color of title. The fact of possession, and the intention with which it was commenced and held, are the only tests as to whether a possession be adverse or not. *Davenport* v. *Sebring,* 52 Iowa, 364.

Any adverse possession, the effect of which is to oust the true owner, and give to him a right of action, sets the statute of limitations in motion. When the bar of the statute becomes complete, however destitute of the color of title such occupancy may have been, to the extent that it was actual, visible and continuous, a title by prescription arises in the adverse occupant. This title is in all respects equal to a conveyance in fee.

The only distinction which can be recognized between title acquired under the statute of limitations by adverse occu-

pancy, under claim and color of title, and without such claim or color, is, that in the latter case title will only be co-extensive with actual, visible, continued occupancy, while in the former color of title may by construction embrace lands only part of which was thus actually occupied. *State* v. *Portsmouth Savings Bank, supra.*

There was no error in the instruction.

The judgment is affirmed, with costs.

Filed Jan. 5, 1887; petition for a rehearing overruled Feb. 26, 1887.