## WOOD *v.* RIPLEY.

[No. 3,771.    Filed October 8, 1901.]

ADVERSE POSSESSION.—*Childless Second Wife.*—*Rights of Children by Former Marriage.*—*Title.*—In an action for partition it appeared that the real estate in question was conveyed to plaintiff's father, who died soon thereafter leaving a childless second wife, and plaintiff and other children by a former marriage. About two years after making such conveyance the grantor, having no title, conveyed the same real estate to defendant's remote grantor, since which time defendant and his remote grantors have held the ex-

clusive possession for twenty years, claiming to own the whole thereof, and denying that said second wife and children had any interest therein, and have excluded them from entering upon the same or participating in the rents and profits thereof. At the death of her stepmother plaintiff purchased the interests of the other heirs and sought to enforce an undivided one-third interest in the real estate. *Held,* that defendant had acquired title by adverse possession.

From Marion Circuit Court; *H. C. Allen,* Judge.

Action by Ann E. Wood against William I. Ripley for partition. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*F. W. Ballenger,* for appellant.

*N. Morris, L. Newberger* and *J. B. Curtis,* for appellee.

WILEY, P. J.—Appellant was plaintiff below, and in her complaint averred that she was the owner of the undivided one-third of certain real estate, and that appellee was the owner of the other undivided two-thirds. In her complaint she sets out in detail the source of her title, and avers that the real estate has been improved by erecting thereon three houses which are of a certain rental value per month. She also avers that appellee is in possession, and that he has collected the rents from said property and converted the same to his own use. The prayer of the complaint asks for an accounting and partition. Appellee answered in one paragraph, setting up affirmative matter, to which appellant addressed a demurrer, and the ruling thereon was adverse to her. The only question raised by the assignment of errors challenges the action of the court in overruling the demurrer to the answer.

Before proceeding to the consideration of the answer, it may be important to state more fully the facts relied on by appellant to establish her title. The complaint avers that on and prior to February 8, 1864, one Orrick was the owner of the real estate in controversy, and that on that day, his wife joining him, he conveyed it to William Wood. Also,

on the same day he conveyed by another deed to said Wood another and different tract of land. At the time said deeds were executed, said Wood was a married man, his wife being his second wife and childless, and his heirs being his daughter, the appellant, and other children. It is then averred that on March 3, 1865, said Orrick brought a suit to set aside the conveyance to Wood of the tract of land not here involved, and such proceedings were had as that said conveyance was set aside and the title was revested in him. That on March 30, 1866, said Orrick, his wife joining, conveyed to one Simon S. Wiseman a part of the real estate, the title to which had been revested in him, and also the real estate in controversy. It is further averred that at the date of the last named conveyance the title to the real estate in controversy was in said Wood, and never was in Orrick. It is also charged that at the date of said last named conveyance, said Wood was unconscious from disease, and died in April following without regaining consciousness.

The complaint avers that the possession of the real estate in controversy was not taken by appellee's remote grantors until after the said deed was recorded July 7, 1866, and that the precise date when possession was taken is not known. It is then averred that Wood died intestate, leaving his childless second wife, and his children as his only heirs, and that appellant claims title under quitclaim deeds from all the heirs of said Wood, his second wife having died in 1891.

It is finally averred that from the time possession was taken by some one of appellee's remote grantors, appellee and his remote grantors have held exclusive possession, claiming to own the whole of said real estate, and denying that said childless second wife and children of said Wood had any interest therein, and have excluded them from entering upon the same or participating in the rents and profits. This detailed statement of the facts pleaded in the complaint will show the pertinency of the facts relied on in defense as set out in the answer.

The answer avers that William Wood, from whom appellant claims title, never had possession of the real estate in controversy, and that on March 30, 1866, Orrick conveyed said real estate to Simon F. Wiseman. The answer then sets out in detail all the successive and *mesne* conveyances from Wiseman to appellee, and shows that all of said conveyances were by warranty deed, except one which was a sheriff's deed under a judicial sale, wherein the property was sold as the property of one Ainsworth, who had acquired the title by deed.

It is then averred that under said conveyances, and claiming to be the owner in fee, appellee and his immediate and remote grantors have continuously, openly, and notoriously held exclusive possession for more than twenty years prior to the commencement of this action, claiming to own both the one-third now claimed by appellant and all other interests, etc.

The simple question for decision is: Do the facts pleaded in the answer constitute a bar to the cause of action relied upon by appellant? Or, to state the proposition conversely: Do the facts stated in the answer vest the title in appellee?

An affirmative answer to either of these inquiries will dispose of the case in harmony with the holding of the lower court. If appellee is entitled to hold the real estate against appellant, under the facts he relies on, such right must rest upon the doctrine of adverse possession. Ordinarily, there are five elements necessary to constitute adverse possession, viz.: (1) It must be hostile and under a claim of right; (2) it must be actual; (3) it must be open and notorious; (4) it must be exclusive; (5) it must be continuous. *Worthley* v. *Burbanks,* 146 Ind. 534, and authorities there cited.

Measured by the rule there announced, the answer contains every element necessary to confer title on appellee by adverse possession. An open, notorious, exclusive, and uninterrupted adverse possession of real estate, continued for a period of twenty years is effectual to confer title on

the person so occupying it, and it is not essential that such possession should have been under color of title. *Dyer* v. *Eldridge,* 136 Ind. 654; *McKinney* v. *Lanning,* 139 Ind. 170; *Booker* v. *Tarwater,* 138 Ind. 385; *Palmer* v. *Dosch,* 148 Ind. 10; *Wood* v. *Kuper,* 150 Ind. 622.

It is averred in the answer that appellee and his successive grantors have openly, continuously, and notoriously held exclusive possession of the real estate described in the complaint for more than twenty years, claiming to own the same. Such possession ripens into title, and hence the answer stated facts that tendered a triable issue, and the demurrer was correctly overruled.

Judgment affirmed.