## Storer v. Markley.

[No. 20,532. Filed April 20, 1905.]

1. Appeal and Error. — *Assignment of Errors.* — *Waiver.* — Where appellant fails in his brief to point out the alleged defect in a complaint and fails to cite any authorities or to advance any argument thereon, such alleged error is waived. p. 536.
2. Pleading.—*Answer.*—*Rescission of Contract.*—Rescission of contract is an affirmative defense and if relied upon must be specially pleaded. p. 536.
3. Appeal and Error.—*New Trial.*—*Motion.*—*Contents.*—Questions relating to the admission of evidence must be embraced in the motion for a new trial or no question is presented on appeal. p. 537.

164 535
f166 143
166 147
f166 332
f166 456
f168 38
f168 472

164 535
169 12

164 535
171 88

Storer *v.* Markley.

4. New Trial.—*Real Estate.—Sale.—Commission.—Evidence.—Suf-ficiency.* — Where the evidence shows that plaintiff, a real estate broker, had fully performed his contract for the sale of real estate, a verdict in his favor for his commission is sustained by the evidence. p. 537.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Philip M. Markley against John H. Storer. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Walter Gray* and *C. A. Taughinbaugh,* for appellant. *William W. Mann* and *Lincoln Lesh,* for appellee.

Montgomery, J.—This action was brought by appellee upon a written contract for the recovery of commission on the sale of real estate. Appellant's demurrer to the complaint was overruled, and the issues were closed by an answer in general denial. The cause was submitted to a jury for trial, and a verdict returned for appellee. Appellant's motion for a new trial, on the grounds that the verdict was not sustained by sufficient evidence and was contrary to law, was overruled, and judgment entered upon the verdict.

The assignment of errors charges that the court erred in overruling appellant's demurrer to the complaint, and in overruling his motion for a new trial.

1. The first of these alleged errors has been waived by appellant's failure in his brief to point out any defect in the complaint, and to cite any authority or advance any argument in support of this assignment. *Williams* v. *Citizens Enterprise Co.* (1899), 153 Ind. 496; Ewbank's Manual, §188.

Appellant's brief does not fully meet the requirements of rule twenty-two of this court, but the evidence is substantially given, and as the only question for decision depends upon the sufficiency of the evidence to sustain the verdict, the criticism of counsel will be disregarded.

2. Appellant's counsel insist that the verdict of the jury

was wrong, for the reason, as they claim, that the contract sued upon had been rescinded. This contention is not tenable, because rescission of a contract is an affirmative defense, and when relied upon must be specially pleaded. *Mabin* v. *Webster* (1891), 129 Ind. 430, 28 Am. St. 199; *Jordan* v. *Indianapolis Water Co.* (1902), 159 Ind. 337; 18 Ency. Pl. and Pr., 849.

3. The alleged errors relating to the admission of certain evidence, discussed in appellant's brief, were not embraced in the motion for a new trial, and for that reason are not presented for review by this court. *Martin* v. *Motsinger* (1892), 130 Ind. 555; *Herrick* v. *Flinn* (1896), 146 Ind. 258.

4. The execution of the contract sued upon is conceded, and it is shown by the evidence that, in pursuance thereof, appellee advertised the property for sale, and through his efforts a purchaser was found, at a price which was satisfactory to appellant, and a sale and transfer accordingly effected. The commission stipulated for in the contract was thereupon fully earned and due. *Lockwood* v. *Rose* (1890), 125 Ind. 588; *McFarland* v. *Lillard* (1891), 2 Ind. App. 160, 50 Am. St. 234; *Clifford* v. *Meyer* (1893), 6 Ind. App. 633; *Platt* v. *Johr* (1894), 9 Ind. App. 58; *Mullen* v. *Bower* (1899), 22 Ind. App. 294; *Miller* v. *Stevens* (1899), 23 Ind. App. 365.

The evidence fully sustains the verdict of the jury, and there was no error in overruling appellant's motion for a new trial. The judgment is affirmed.