## MAY *v.* DOBBINS.

[No. 20,506. Filed March 28, 1906.]

1. APPEAL AND ERROR.—*Briefs.*—*Waiver.*—Alleged errors not discussed in appellant's brief are waived. p. 332.

2. SAME.—*Bill of Exceptions.*—*Whether in Record.*—A bill of exceptions prepared under the act of 1899 (Acts 1899, p. 384, §6, §1475 Burns 1901), which is invalid, but which shows that it contains all of the evidence given, and was signed and afterwards filed, sufficiently complies with the act of 1897 (Acts 1897, p. 244, §638a Burns 1901), and is a part of the record. p. 332.

3. TAXATION.—*Tax Deeds.*—*Evidence of Title.*—*Statutes.*—*Burden of Proof.*—A tax deed executed in 1885 is, under §6480 R. S. 1881, *prima facie* evidence of title in fee simple in the grantee, and the burden of overthrowing such proof is upon the person asserting a different title. p. 332.

4. TRIAL.—*Instructions.*—*Title.*—*Divesting.*—Where plaintiff has shown by public records a legal title to the land in controversy, an instruction that he should recover unless the evidence shows that such title has been divested, is correct. p. 333.

5. ADVERSE POSSESSION.—*Color of Title.*—An entry upon land with the intention of asserting ownership, and the continuance of such possession for twenty years and the exercise of the rights of an owner, establish adverse possession, though such person had no color of title. p. 333.

6. TRIAL. — *Instructions.*—*Title.*—*Divesting.*—*Deeds.*—*Taxation.* —An instruction that lands can be conveyed only by a deed executed by the grantor or his authorized representative is erroneous, since by special proceedings, and particularly by tax sales, such title may be divested without the owner's consent. p. 334.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by Robert F. Dobbins against James A. May. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*George F. Marvin* and *Jesse E. Wilson,* for appellant.

*Manfred B. Beard* and *William E. Uhl,* for appellee.

MONTGOMERY, J.—This is an action in ejectment brought by appellee in the White Circuit Court. The cause was transferred, upon application for a change of venue, to the court below, in which a trial by jury resulted in a verdict and judgment against appellant.

It is alleged upon appeal that the court erred (1) in overruling appellant's demurrer to the complaint, and (2) in overruling his motion for a new trial.

1. The first alleged error has not been supported in any manner, or urged in appellant's brief, and must be regarded as waived. *Storer* v. *Markley* (1905), 164 Ind. 535.

The causes assigned in the motion for a new trial are that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, and that certain instructions given were erroneous.

2. Appellee's counsel insist that the evidence is not in the record. It is manifest that in the preparation of the bill of exceptions counsel have followed the statute of 1899 (Acts 1899, p. 384, §6, §1475 Burns 1901), which has been held invalid. The bill embodies the recital that it contains all the evidence given, and is signed by the trial judge, and it was afterwards duly filed as a bill of exceptions, so that there is a substantial compliance with the statute of 1897 (Acts 1897, p. 244, §638a Burns 1901) and we accordingly hold that the evidence is properly before us. *Adams* v. *State* (1901), 156 Ind. 596; *Miller* v. *Coulter* (1901), 156 Ind. 290; *Oster* v. *Broe* (1903), 161 Ind. 113.

3. In his defense, appellant introduced in evidence a tax deed for the lands in controversy, dated December 13, 1885, from which it appears that on February 9, 1880, said lands were sold for taxes assessed and delinquent for the years 1878 and 1879 to Mil-

ton Shirk, who assigned his certificate of purchase to appellant on August 5, 1882. Under the law in force at the time of its execution this deed was *prima facie* evidence of the regularity of said sale, and of all prior proceedings, and *prima facie* evidence of a good and valid title in fee simple to said lands. §6480 R. S. 1881. The introduction of this deed cast upon appellee the burden of overthrowing the *prima facie* title thus established in appellant. *Richard* v. *Carrie* (1896), 145 Ind. 49; *Doren* v. *Lupton* (1900), 154 Ind. 396; *Wilson* v. *Carrico* (1900), 155 Ind. 570. No evidence was introduced tending to show the invalidity of this deed; and it must be held accordingly ·that the verdict of the jury is not sustained by sufficient evidence.

Complaint is made of instruction three, by which the jury were advised that the record evidence introduced by appellee established in him a legal title to the land, and that he would be entitled to recover thereon, unless appellant by other evidence had shown that such title had been divested. This instruction was applicable and correctly states the law.

The court gave several instructions upon the subject of adverse possession, which were generally correct, but objections were made to the seventh, which stated that if appellant took possession of the land without color of title, and knew or had reason to believe who the rightful owner was, his occupancy would not be such good-faith occupancy under claim of ownership as would confer title, however long ·continued. This instruction cannot be sustained. The principle declared accords with good morals, but it is not sound in law. The acquisition of title by adverse possession is predicated upon the statute of limitations, and the running of the statute may be instituted without even color of title, and without reference to the good or bad faith of the adverse claim asserted by the occupant. Color of title is not necessary to constitute

adverse possession. An entry upon land with the intention of asserting ownership, and continuing in the open and exclusive possession thereof, exercising the usual acts of ownership under such claim, without asking permission and in disregard of all other claims, is sufficient to make the possession adverse. Such possession continued uninterruptedly for twenty years or more will establish title to the extent that the possession is actual and exclusive. *Bell* v. *Longworth* (1855), 6 Ind. 273; *Hargis* v. *Inhabitants, etc.* (1867), 29 Ind. 70; *Jeffersonville, etc., R. Co.* v. *Oyler* (1878), 60 Ind. 383; *Roots* v. *Beck* (1887), 109 Ind. 472; *Riggs* v. *Riley* (1888), 113 Ind. 208; *Collett* v. *Board, etc.* (1889), 119 Ind. 27, 4 L. R. A. 321; *Herff* v. *Griggs* (1890), 121 Ind. 471; *Dyer* v. *Eldridge* (1894), 136 Ind. 654; *Worthley* v. *Burbanks* (1897), 146 Ind. 534; *Moore* v. *Hinkle* (1898), 151 Ind. 343; *Rennert* v. *Shirk* (1904), 163 Ind. 542.

The court instructed the jury that the burden was upon the appellant to show that the law in regard to sales of real estate for taxes had been fully complied with, and that, having introduced no evidence upon that subject, the finding should be against appellant so far as his claim was based on the tax deed. This instruction was erroneous for the reasons heretofore given.

The jury were further advised by instruction seventeen that the legal title to land could only be conveyed by deed executed by the owner in person, or by his duly authorized attorney in fact. This instruction was plainly erroneous. Title may be conveyed in many special proceedings under the law without the owner's signature, and particularly by a valid sale made for nonpayment of taxes. The errors indicated entitle appellant to a new trial.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.