## TALBOT v. MEYER.

[No. 22,845. Filed October 13, 1915.]

1. APPEAL.—*Demurrer to Complaint.*—*Waiver of Error.*—*Briefs.*—
No question is presented on alleged error in overruling demurrers
to the several paragraphs of complaint, where appellant fails to
point out in his brief wherein the complaint is defective. p. 585.

2. NEW TRIAL.—*Time of Filing.*—*Statutes.*—*Waiver.*—Section 587
Burns 1914, Acts 1913 p. 848, fixing the time for filing a motion
for new trial at any time within thirty days from the time the
verdict or decision is rendered, supersedes all other statutes on
the subject, and is positive and mandatory, and the objection that
a motion was not filed within the time therein provided can not
be waived, notwithstanding §1003 Burns 1914, §968 R. S. 1881,
authorizing attorneys to bind their clients by agreements filed
with the clerk or entered upon the minutes of the court. p. 586.

3. APPEAL.—*Questions Presented.*—*Motion for Judgment Notwith-
standing Verdict.*—*Scope of Review.*—In determining whether
judgment should have been rendered on the jury's answers to in-
terrogatories, the court on appeal will consider only the pleadings,
general verdict, and the interrogatories and answers. p. 588.

From St. Joseph Superior Court; *Shepard J. Crumpacker*,
Special Judge.

Action by F. J. Lewis Meyer against John W. Talbot.
From a judgment for plaintiff, the defendant appeals.
(Transferred from the Appellate Court under §1405 Burns
1914, Acts 1901 p. 590.) *Affirmed.*

*John W. Kitch* and *Henry A. Steis*, for appellant.
*F. J. Lewis Meyer*, for appellee.

ERWIN, J.—This was an action for slander brought by ap-
pellee against appellant on a complaint in three paragraphs.
The errors assigned here seek to present the following, (1)
the ruling of the court on the demurrers to the several para-
graphs of complaint, (2) the ruling of the court on appel-
lant's motion for judgment on answers to the special inter-
rogatories, (3) overruling appellant's motion for a
1. new trial. Appellant has failed to point out in his
brief wherein the complaint is defective, hence no

question is presented on the sufficiency of the complaint. *Storer* v. *Markley* (1905), 164 Ind. 535, 536, 73 N. E. 1081; *May* v. *Dobbins* (1906), 166 Ind. 331, 332, 77 N. E. 353.

The record disclosed that the verdict of the jury was returned on February 6, 1913, and the motion for a new trial was filed on June 12, 1913, more than four months after the verdict was returned. The statute creating the St. Joseph Superior Court was amended by Acts 1913 p. 33, §1574 Burns 1914, approved February 21, 1913, and went into force immediately by reason of an emergency clause. This act fixed the beginning of the suceeding term of the St. Joseph Superior Court on the third Monday of May, 1913, to wit, May 19, 1913.

Appellants contend that under certain rulings of this court, that without objection by appellee to his filing of the motion for a new trial after the time allowed by law, he is deemed to have consented to same, citing *Northcutt* v. *Buckles* (1878), 60 Ind. 577; *Sweetzer* v. *McCrea* (1884), 97 Ind. 404; *Hill* v. *Hazen* (1884), 93 Ind. 109; *Trentman* v. *Swartzell* (1882), 85 Ind. 443; and *Geiss* v. *Franklin Ins. Co.* (1890), 123 Ind. 172, 24 N. E. 99, 18 Am. St. 324. The principle announced in the foregoing cases has been doubted and discredited by this court in an opinion by Mitchell, C. J., in *American White Bronze Co.* v. *Clark* (1890), 123 Ind. 230, 232, 23 N. E. 855, citing *Louisville, etc., R. Co.* v. *Boland* (1880), 70 Ind. 595; *Hudson* v. *Allison* (1876), 54 Ind. 215; and §968 R. S. 1881, being §1003 Burns 1908, §1003 Burns 1914. The section cited is as follows: "An attorney has authority, until discharged or suspended by another—*First*, To bind his client in an action or special proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise." This court in *Evansville, etc., R. Co.* v. *Maddux* (1893), 134 Ind. 571, 575, 33 N. E. 345, 34 N. E. 511, speaking by Howard, J., cites with approval the case of *American White Bronze Co.* v. *Clark, supra.*

Talbot *v.* Meyer—183 Ind. 585.

While there seems to have been some conflict in the decision as to the time of filing a motion for a new trial if consented or agreed to by the opposite party, and for the purpose of settling all disputes as to what the law is upon that subject the legislature of 1913 passed an act fixing the time for filing the motion for a new trial, being Acts 1913 p. 848. §587 Burns 1914, which with the title of the act reads as follows: "An act to amend section one (1) of an act entitled 'An act to amend an act entitled "An act to amend section 422 of an act entitled An act concerning proceedings in civil cases; approved April 7, 1881, being section 587 Burns Revised Statutes of Indiana of 1908", approved March 8, 1909, and declaring an emergency', approved March 6, 1911. Section 1. Be it enacted by the general assembly of the State of Indiana, That section one (1) of the above entitled act be amended to read as follows: Section 1. The application for a new trial may be made at any time within thirty (30) days from the time when the verdict or decision is rendered: *Provided*, That if the term of court at which the verdict or decision is rendered is adjourned before the expiration of thirty (30) days from the time when the verdict or decision is rendered, then the motion for a new trial may be filed in the clerk's office of said court within thirty (30) days from the time of the rendition of such verdict or decision, and not afterwards." This was the only law in force in relation to the time for filing a motion for a new trial when the motion in this case was filed. This act went into effect April 30, 1913, and supersedes all other statutes on that subject. This act positively fixes the time for the filing of a motion for a new trial within thirty (30) days from the rendition of the verdict, and emphatically declares that it shall not be filed afterwards.

We are of the opinion that this law is mandatory and that the motion for a new trial was not filed in time, and that appellee could not extend the time for filing the motion,

even if he had agreed with appellant in writing and the same had been made a part of the record.

The only question presented by the record is the ruling of the court on the motion of the defendant for judgment on the answer to interrogatories notwithstanding the general verdict. This court will consider only the pleading, general verdict and interrogatories and answers, in determining whether a judgment should have been entered on the answers to interrogatories. *City of Jeffersonville* v. *Grey* (1905), 165 Ind. 26, 74 N. E. 611; *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 25 N. E. 156. The matters included in the interrogatories are too obscene to set out in this opinion, but it suffices to say they contain nothing which conflicts with the general verdict. Interrogatories Nos. 2 and 3 expressly find that the slanderous words alleged in the complaint and shown to have been spoken of appellee by appellant charged appellee with the crime of sodomy. *Glover* v. *State* (1913), 179 Ind. 459, 101 N. E. 629, 45 L. R. A. (N. S.) 473.

There being no reversible error presented, the judgment is affirmed.

NOTE.—Reported in 109 N. E. 841. See, also, under (1) 3 C. J. 1429; 2 Cyc. 1016; (2) 29 Cyc. 927, 928; (3) 38 Cyc. 1930.