HEPPE ET AL. v. HEPPE ET AL.

[No. 12,579.   Filed June 11, 1926.]

1. PARTITION.—*Parties to partition cannot by cross-complaint assert their rights in proceeds of other land, as that matter is not germane to the issues in partition.*—In an action of partition of certain land, the parties thereto cannot file a cross-complaint and have their rights in the proceeds of other land sold by one of them as the agent or trustee of the others determined, but such rights must be determined in a separate action, as that matter is not germane to the issues in a partition proceeding. p. 40.

2. JUDGMENT.—A motion to modify a judgment is properly overruled when the judgment followed the court's finding.   p. 40.

3. APPEAL.—*Sufficiency of evidence to sustain the finding not presented.*—No question is presented on appeal as to the sufficiency of the evidence to sustain the finding where appellant's brief sets out the testimony of only a part of the witnesses. p. 41.

From Cass Circuit Court; *Albert Ward,* Special Judge.

Action between Ida M. Heppe and others and Andrew F. Heppe and others for the partition of real estate, in which Andrew F. Heppe and others filed a cross-complaint. From an adverse judgment on the cross-complaint, the cross-complainants appeal. *Affirmed.* By the court in banc.

*W. T. Wilson* and *T. W. Annabal,* for appellants.
*Rabb, Mahoney, Fansler & Douglass,* for appellees.

NICHOLS, J.—This is an appeal from the judgment of the Cass Circuit Court ordering the sale of real estate in a partition proceeding, the court having found that

the real estate was not susceptible of partition without damage to the owners thereof.

As we understand, appellants undertake to present error of the court in sustaining appellees' demurrer to the third paragraph of cross-complaint, in overruling appellants' motion to modify the judgment, and in overruling their motion for a new trial. It is averred in the third paragraph of cross-complaint that the parties to the action, who were the heirs of Amelia W. Heppe, were together the sole owners of the land sought to be partitioned and located in Cass county, Indiana, and that they had theretofore also been the owners of a certain lot or tract of land in the city of Chicago, Illinois, and that, for the purpose of negotiating the sale of the Chicago tract of land, all of the parties hereto that were heirs of the said Amelia W. Heppe conveyed the property to appellee Amelia D. Heppe and authorized her to sell the same, and, after paying the expenses, to distribute the proceeds of sale among the parties owning such tract in proportion to their interests therein. Appellant Andrew F. Heppe was the owner of the undivided one-ninth of said Chicago tract. That said appellee Amelia D. Heppe did sell said tract of land, and received therefor $650, but that she had retained the proceeds of sale and never accounted therefor. It is the prayer of the cross-complaint that she be required to account for such proceeds in this partition proceeding, and that the same be charged to her.

Appellee Amelia D. Heppe, under the facts as averred in the cross-complaint, was acting simply as the agent 1, 2. or trustee of those who entrusted her with the sale of this real estate, and the rights of the owners thereof in the fund arising out of the sale of the same must be determined in a separate action. That transaction, as it appears by the third paragraph of the cross-complaint, is not germane to the issues in

this partition proceeding. The demurrer to the third paragraph of cross-complaint was properly sustained. The judgment of the court followed its finding and therefore the motion to modify the same was properly overruled. The questions which appellants attempt to present in their reasons for the motion to modify should have been presented by proper assignment under the motion for a new trial.

The substantial contention under appellants' motion for a new trial is that the court erred in its order of sale of the real estate without first appointing commissioners to determine whether the same was subject to partition without damage to the owners, appellant contending that there is no evidence that the real estate would be damaged by such partition. In appellants' brief, the testimony of seven witnesses is set out. But appellees call attention to the fact that thirteen witnesses were called and examined, and that the evidence of the other six or the substance thereof is not contained in appellants' brief. There is, therefore, no question presented as to the sufficiency of the evidence. We may say, however, that we have examined the evidence as appellants have attempted to present it, and as supplemented by appellees for the purpose of showing that there was some evidence that there could not be a partition of the real estate without damage to the owners, and, were the questions involving the evidence properly presented, we would have to say that the finding and judgment of the court is sustained by some evidence.

Judgment affirmed.