## DAVIS *v.* BIDDLE ET AL.

[No. 13,350.   Filed May 17, 1929.]

*Lew M. O'Bannon* and *R. W. Armstrong,* for appellant.
*Sam P. Vogt* and *Stotsenburg, Weathers & Minton,*
for appellees.

NICHOLS, J.—Action by appellant against appellees for the possession of certain described real estate situated in Harrison county, and damages for the unlawful possession thereof.

Appellee Thula Biddle filed her cross-complaint claiming title to the real estate involved by virtue of twenty years possession under claim of title. The issues were closed both on the complaint and the cross-complaint, by answers in denial. The cause was then submitted to a jury for trial, which returned a verdict against appellant on his complaint and for appellee Thula Biddle on her cross-complaint, that she is the owner in fee simple of the real estate described in the complaint, and that she is entitled to have her title thereto quieted against appellant. Appellant filed his motion for a new trial, which was overruled on March 27, 1928, and thereupon the court rendered judgment upon the verdict of the jury quieting title in appellee Thula Biddle, from which judgment this appeal.

The error relied upon for a reversal is that the court erred in overruling appellant's motion for a new trial.

Appellees challenge appellant's statement of the evidence, for the reason that it omits many items of interest that are important, and very many others are inaccurately stated. The evidence of twelve witnesses, most of whom were introduced by appellees and whose testimony was favorable to them, is omitted entirely, the cross-examinations of all appellant's witnesses are omitted, and there are inaccuracies in appellant's statement of the testimony of witnesses so

far as such statements are set out in his brief. In addition, appellant introduced in evidence eighteen written documents and appellees introduced nine; with the exception of two of these documents, they are not set out nor referred to in appellant's statement of the evidence. Clause 5 of Rule 22 of this court and the Supreme Court requires the appellant in his brief to set out "a concise statement of so much of the record as fully presents every error and exception relied on," and "If the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely." It is clear that appellant has failed to comply with such rule and he therefore fails to present any question for decision as to the insufficiency of the evidence, and this is especially true where, as here, he has set out the testimony of only a part of the witnesses. *Crawfordsville Trust Co.* v. *Burke* (1927), 157 N. E. (Ind. App.) 6; *Heppe* v. *Heppe* (1926), 85 Ind. App. 39, 152 N. E. 293.

Appellant seeks to present as a reason for reversal the admission of certain testimony of Davis Biddle, over the objection of appellant, but there is no reference in appellant's brief to the place where this testimony and appellant's objection thereto may be found in the transcript. In the summary of the evidence of such witness, as the same is found on page sixty-four of appellant's brief, there appears no objection to any question propounded to such witness. No question, therefore, as to the testimony of this witness is presented.

Appellant next complains that the court erred in permitting witness Lotta Bryant to answer the following question: "While you were there at that time, I'll ask you if you heard a conversation

between Mrs. Davis and your mother in the presence of Mrs. Biddle?" To this question, appellant's counsel objected, stating his reasons in detail therefor. The objection was overruled and thereupon the witness answered: "Yes, sir. They talked on other subjects and, as they were leaving, she said to my mother, 'Ella, we bought a farm and we bought it for Thula.'" The evidence of this witness is not set out in appellant's brief and there is no reference to the place where this testimony is found in the transcript. It is to be observed, however, that the question propounded called only for an answer of "yes" or "no"; it did not call for a statement of what the conversation was. But the witness proceeded to state the conversation, which was not called for by the question, and, had a proper motion been made to strike out such statement of the conversation, it should have been sustained. But after other questions were asked, there was a motion to strike out the evidence without any designation as to what part appellant desired should be stricken out. The motion was properly overruled.

Appellee's statement of the facts, which is unchallenged by appellant, is substantially as follows: Appellee Thula Biddle is the niece of appellant and his late wife, Mary E. Davis. Appellee Thula Biddle was forty-seven years old at the date of the trial. When she was six months old, her mother died and she was taken by her aunt, Mary E. Davis, and lived with and made her home with her aunt and appellant, who were and always remained childless, until she was seventeen years old, when she married appellee Jesse Biddle. She took the name of Thula Davis as a girl and always called appellant and his wife "father" and "mother," and her children designated them as their grandparents, and they are so referred to in the evidence in this case. After the marriage of appellees, they lived for a short time with

appellant and his wife at the home place, belonging to appellant. Shortly after the marriage, they moved to the forty acres in controversy, which was situate about a quarter of a mile from the Davis home. In 1901, appellees talked of moving away. On February 6, 1901, Mary E. Davis purchased from William S. Toops and wife the said forty acres, paying therefor $900, and a deed was executed to her on that date. At the time of the execution of the deed, in the presence of appellees, Mary E. Davis stated that they had land enough of their own; that she was buying the forty acres for Thula, as she did not want her to go away; that they would be a comfort and pleasure to each other. On numerous other occasions, in the presence of Thula, she said she had bought the place for Thula, and that it was hers. Mary E. Davis at once put appellee Thula Biddle in possession of the place under this gift, and it has been so occupied by her ever since February, 1901, and for more than twenty-five years. Said appellee has, during this time, exclusively occupied the place under a claim of ownership and right. During all the time since 1901, appellee Thula Biddle has used the whole of the place as her own, cultivated it as her own and kept all the crops raised thereon, paid the taxes thereon, reared a large family of children thereon, built fences inclosing it, improved the land and built buildings thereon, such as smoke house, granary, henhouse, sheds, additions to the barn and the dwelling, to the value of $1,200. In 1907, the dwelling on the place burned. Appellee Thula Biddle had logs hauled, furnished the lumber and had it rebuilt the same year, and, during the rebuilding, was in possession of the place. Mary E. Davis died without issue in August, 1926. Appellant filed his complaint in ejectment against appellees on April 21, 1927, for the forty acres in controversy.

Appellees forcefully contend that the instructions are not in the record for the reason that appellant has failed to comply with the rules of the court and with the statutes pertaining thereto. But we conclude to ignore appellees' contention in this regard, and, notwithstanding the failure of appellant to present the instructions as contended by appellees, to consider a substantial question which appellant attempts to present, being the alleged error in the court's action in refusing to give appellant's instruction No. 4. By this instruction, appellant requested the court to instruct the jury that before appellee Thula Biddle could recover on her cross-complaint herein, the burden was upon her to prove by a preponderance of the evidence that she entered into a written contract with Mary E. Davis, wife of appellant, for the real estate involved, and that appellant, as the husband of Mary E. Davis, joined her in such written contract, and that if the jury should find that there was no such written contract, then the verdict should be for appellant. Such a contract would, of course, have given appellee Thula Biddle, when in possession, color of title. But appellee is claiming title to such real estate by reason of adverse possession thereof for over twenty years, and, in order to establish such a title, it was not necessary that she should show that she had any color of title. In *May* v. *Dobbins* (1906), 166 Ind. 331, 77 N. E. 353, the court stated the law to be: "The acquisition of title by adverse possession is predicated upon the statute of limitations, and the running of the statute may be instituted without even color of title, and without reference to the good or bad faith of the adverse claim asserted by the occupant. Color of title is not necessary to constitute adverse possession. An entry upon land with the intention of asserting ownership, and continuing in the open and exclusive possession thereof, exercising the usual acts of ownership under such

claim, without asking permission and in disregard of all other claims, is sufficient to make the possession adverse. Such possession continued uninterruptedly for twenty years or more will establish title to the extent that the possession is actual and exclusive." Citing numerous authorities.

In *Moore* v. *Hinkle* (1898), 151 Ind. 343, 347, 50 N. E. 822, the court said: "We do not understand that twenty years' adverse possession in good faith under claim and color of title must depend upon a previous good faith claim of title. . . . The acquisition of title by adverse possession is predicated upon the statute of limitations, and by it the title of the true owner is extinguished as effectually as by conveyance. The rule protects the adverse claimant without even color of title."

In *Roots* v. *Beck* (1887), 109 Ind. 472, 474, 9 N. E. 698, it was held that: "An open, notorious, exclusive, uninterrupted, and adverse possession, continued for the period of twenty years, is effectual to confer a complete title on the person so occupying, and it is not essential that such possession should have been under color of title."

*Dyer* v. *Eldridge* (1894), 136 Ind. 654, 36 N. E. 522, and *Wood* v. *Ripley* (1901), 27 Ind. App. 356, 61 N. E. 608, are to the same effect. And it is held that adverse possession for twenty-five years based upon a parol gift of land was sufficient to give appellee title. In *Osterhaus* v. *Creviston* (1916), 62 Ind. App. 382, 111 N. E. 635, it was held that: "Where a parol gift of land has been accepted by the donee, and possession has been taken in pursuance of such gift, and permanent and valuable improvements have been made upon the land by the donee, and there are no unperformed obligations or conditions relating thereto resting upon such donee, he is the equitable owner of the land, though the legal title may still be in the donor, and as

such equitable owner he may enforce specific performance of an agreement to convey, or may quiet his title to the land." The court cites to sustain this principle, among numerous other authorities, *Horner* v. *McConnell* (1901), 158 Ind. 280, 284, 63 N. E. 472, where the court said: "Equity protects a parol gift of lands equally as it does a parol agreement or contract to sell, provided such agreement is accompanied by possession thereunder, and the further fact appearing that the donee, induced by the promise or agreement of the donor to give, has made valuable and lasting improvements on the premises."

In *Philbin* v. *Carr* (1920), 75 Ind. App. 560, 577, 129 N. E. 19, this court, speaking by Dausman, J., stated: "But the fact that the possession has been *adverse* may be shown also by spoken words—as in case of parol gifts or attempted parol conveyances; by a continuing course of conduct, and by any relevant facts. Therefore when a void deed is received in evidence solely for this purpose, its admissibility does not rest on the ground that it constitutes color of title, but rather on the ground that it is a circumstance tending to show that the possession has not been that of a mere trespasser, or that of a lessee, or that it has been in any manner subservient to the owner of the legal title, but at all times has been under a claim of ownership or claim of title."

From these authorities it is apparent that the court did not err in refusing to give the tendered instruction. No reversible error is presented.

Judgment affirmed.